501 A.2d 1134

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Dennis W. KIRCHNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1985.

Filed Dec. 6, 1985.

Petition for Allowance of Appeal Denied June 4, 1986.

Paulette J. Balogh, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

Dennis W. Kirchner, appellant, challenges the constitutionality of Section 9712 of the Mandatory Sentencing Act, 42 Pa.C.S. § 9712, which provides that any person convicted

of certain enumerated offenses shall be sentenced to a minimum term of imprisonment of five years if he or she visibly possessed a firearm during the commission of the offense. Appellant argues that this provision (1) violates state and federal proscriptions against double jeopardy; (2) conflicts with his right of allocution; and (3) is invalid because it does not contain a provision for both a minimum and maximum sentence. There being no merit in any of these contentions, we affirm the judgment of sentence.[1]

On April 5, 1983, Dennis W. Kirchner was convicted, inter alia, of robbery. On June 28, 1983, after his Motion to Stop Imposition of Sentence had been denied, Kirchner was sentenced to a term of imprisonment for not less than five years nor more than ten years. There was no direct appeal. On January 27, 1984, appellant filed a P.C.H.A. petition alleging ineffective assistance of trial counsel. A hearing was held on October 9, 1984, and on October 10, 1984 appellant's right of appeal was reinstated for the sole purpose of allowing him to challenge the constitutionality of 42 Pa.C.S. § 9712.

Appellant argues that Section 9712 violates constitutional principles of double jeopardy because it requires the sentencing judge to act as a second jury in finding whether a "firearm" was possessed by the actor during commission of a crime and also whether the firearm was "visible." This additional factual determination, appellant contends, violates principles of double jeopardy.

The double jeopardy protections afforded by the Constitutions of the United States and Pennsylvania are coextensive. *Commonwealth v. Hude,* 492 Pa. 600, 613, 425 A.2d 313, 320 (1980); *Commonwealth v. Beaver,* 317 Pa.Super. 88, 98–99, 463 A.2d 1097, 1103 (1983). These constitutional provisions protect every individual from being subjected to successive prosecutions for a single offense. See: *Com-*

---

1. Appellant argues also that Section 9712 violates due process. This argument is clearly without merit. See: *Commonwealth v. Wright,* 508 Pa. 25, 494 A.2d 354 (1985); *Commonwealth v. Norris,* 346 Pa.Super. 351, 499 A.2d 644 (1985); *Commonwealth v. Bannister,* 345 Pa.Super. 178, 497 A.2d 1362 (1985).

*monwealth v. Button,* 332 Pa.Super. 239, 249, 481 A.2d 342, 347 (1984), quoting *Commonwealth v. Henderson,* 482 Pa. 359, 368, 393 A.2d 1146, 1151 (1978); *Commonwealth v. Laing,* 310 Pa.Super. 105, 111, 456 A.2d 204, 207 (1983); *Commonwealth v. DiValerio,* 283 Pa.Super. 315, 321, 423 A.2d 1273, 1276–1277 (1980), quoting *Commonwealth v. Meekins,* 266 Pa.Super. 157, 162–163, 403 A.2d 591, 593–594 (1979).

■ In the instant case, appellant argues, he was subjected to two prosecutions for the same offense. The first prosecution consisted of the trial, he contends, and the second occurred during the sentencing hearing. We reject appellant's characterization of the sentencing hearing as a second prosecution. Appellant was convicted of robbery as a result of the trial. Section 9712 did not create a separate crime; it merely provided a minimum sentence to be imposed after he had been convicted. The sentencing judge was merely imposing sentence after taking into consideration, inter alia, all circumstances of the offense. Sentencing does not constitute a separate prosecution. *Commonwealth v. Waters,* 491 Pa. 85, 93, 418 A.2d 312, 316 (1980). Appellant was not, therefore, twice placed in jeopardy for the same offense. Cf. *Commonwealth v. Ash,* 482 Pa. 590, 394 A.2d 479 (1978) (bifurcated proceeding for entering guilty plea and determining degree of guilt was but a single prosecution and therefore did not violate principles of double jeopardy); *Commonwealth v. Charles,* 339 Pa.Super. 284, 488 A.2d 1126 (1985) (fact-finding procedure that occurred at sentencing hearing which was duplication of that which had occurred at guilty plea hearing did not subject defendant to multiple prosecutions).

■ Appellant also contends that 18 Pa.C.S. § 9712 is in conflict with Pa.R.Crim.P. 1405(a), which guarantees to a defendant the right of allocution. However, section 9712 in no way prevents a defendant from making a statement on his own behalf. His right of allocution continues to be a valuable right because, although the sentencing judge cannot reduce the minimum sentence required by the statute,

the judge is free to sentence the defendant to prison for a period in excess of the mandatory minimum. Therefore, the right of allocution provided for in Rule 1405(a) retains its viability and significance.

■ Finally, appellant argues that Section 9712 is invalid because it establishes only a mandatory minimum sentence and does not provide for a maximum sentence. The maximum sentence for felonies, however, has been established by the legislature at 18 Pa.C.S. § 1103. When read together, Section 9712 and Section 1103 establish both minimum and maximum sentences for robbery committed with a firearm.

Judgment of sentence affirmed.