502 A.2d 620

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Melvina JOHNAKIN.**

Superior Court of Pennsylvania.

Submitted Sept. 11, 1985.

Filed Dec. 20, 1985.

---

434

Gerald A. Stein, Philadelphia, for appellee.

Before SPAETH, President Judge, and HOFFMAN and HESTER, JJ.

SPAETH, President Judge:

This is an appeal by the Commonwealth from a judgment of sentence. Appellee was convicted of robbery, simple and aggravated assault, theft by unlawful taking, and recklessly endangering another person. She was acquitted of other charges, including possession of an instrument of crime. After her post-trial motions were denied, she was sentenced to eleven to twenty-three months' imprisonment, to be followed by eight years' probation. Other charges of which appellee was convicted were found to merge in the conviction for robbery. On this appeal the Commonwealth argues that the trial court applied the sentencing guidelines erroneously, and that the sentence imposed was outside the guidelines and was unreasonable. We agree that the trial court misapplied the guidelines, and we therefore vacate the sentence and remand so that the trial court may resentence knowing the correct minimum sentence range. We do not

reach the issue of whether the sentence imposed was unreasonable.

■ The Commonwealth may appeal from the discretionary aspects of a judgment of sentence under 42 Pa.C.S. § 9781(b), and it may initiate the appeal simply by filing notice as required under Pa.R.A.P. 902. However, before proceeding to the merits of such an appeal, we must decide whether there is a substantial question that the sentence imposed was inappropriate under the sentencing guidelines. *Commonwealth v. Fluellen*, 345 Pa.Super. 167, 497 A.2d 1357 (1985); *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 491 A.2d 1352 (1985). For reasons that will become apparent, we find that such a question exists.

■ On review of a judgment of sentence to which the sentencing guidelines apply, we will vacate the sentence and remand with instructions if we find (1) that the trial court applied the guidelines erroneously; (2) that the sentence, even though within the guidelines, is "clearly unreasonable," or (3) that the sentence, if outside the guidelines, is unreasonable. 42 Pa.C.S. § 9781(c); *Commonwealth v. Drumgoole, supra*, 341 Pa.Superior Ct. at 468, 491 A.2d at 1352. Accordingly, we must begin by deciding whether the trial court applied the guidelines properly in this case. The Commonwealth argues that it did not; specifically, it argues that the trial court applied the wrong offense gravity score, and erroneously failed to apply the deadly weapon enhancement provision of the guidelines. 204 Pa.Code § 303.4. We agree on both points.

■ Appellee was convicted of robbery, and the trial court found that in the course of the robbery she inflicted serious bodily injury upon the victim. N.T. 7/13/84 at 35–36; *See also* slip op. of tr. ct. at 2. Under the sentencing guidelines, robbery (inflicts serious bodily injury) has an offense gravity score of 9. 204 Pa.Code § 303.8. However, the infliction of serious bodily injury was the basis of appellee's conviction of aggravated assault, a second degree felony. The guidelines provide that robbery (commits or

threatens immediately to commit any F1 or F2) has an offense gravity score of 7. *Id.* The trial court reasoned that the actions for which appellee was convicted fit either of these definitions, and that it therefore had the option to sentence under an offense gravity score of either 9 or 7. N.T. 7/13/84 at 34–35. The court chose to apply the offense gravity score of 7.

We do not agree that the trial court had discretion with respect to the correct offense gravity score. Appellee was found guilty of a robbery during which she caused serious bodily injury to her victim. The trial court found that the conviction for aggravated assault merged in the conviction for robbery. N.T. 7/13/84 at 36. The court could not then separate the two offenses for the purpose of determining the correct offense gravity score. Allowing the court such discretion would allow it to defeat the purpose of the guidelines, which were developed to "focus appellate review ... on the reasonableness of deviations from the presumptively appropriate range of sentence." *Commonwealth v. Fluellen, supra* 345 Pa.Super. at 167, 497 A.2d at 1357; *Commonwealth v. Hutchinson,* 343 Pa.Super. 596, 495 A.2d 956 (1985). The correct offense gravity score in this case was therefore 9. Together with appellee's prior record score of 0, this resulted in a minimum guidelines sentence range of thirty-six to sixty months' imprisonment.

■ The Commonwealth is also correct that the trial court was required to apply the deadly weapon enhancement provision of the guidelines in this case. Under this provision, twelve to twenty-four months' confinement should have been added to the sentence. 204 Pa.Code § 303.4. The provision applies whenever the court determines that the defendant possessed a deadly weapon, which for the purposes of the provision is any "device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury." 18 Pa.C.S. § 2301. In the case before us, the trial court found that appellee had stabbed her victim, that in doing this she caused serious bodily injury, and that

she might easily have killed her victim. N.T. 7/13/84 at 13. The conclusion is inescapable that appellee possessed an instrumentality that she used in a manner calculated or likely to produce death or serious bodily injury. Accordingly, the trial court was required to apply the deadly weapon enhancement provision of the guidelines. *Commonwealth v. Drumgoole, supra* 341 Pa.Super. at 468, 491 A.2d at 1352. Adding this to the minimum sentence range for a conviction with an offense gravity score of 9 and a prior record score of 0, which we have found to be correct in this case, results in a minimum guidelines sentence range of forty-eight to eighty-four months.

The fact that appellee was acquitted on the charge of possession of an instrument of crime does not alter this determination. The definitions of "instrument of crime" and "weapon" under the statute defining that offense are different from the definition of a deadly weapon for purposes of the sentencing guidelines. Under the statute defining the offense of possessing an instrument of crime, such an instrument is something "specially made or specially adapted for criminal use," or something "commonly used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S. § 907. A weapon is "[a]nything readily capable of lethal use and possessed under circumstances not manifestly appropriate for lawful uses it may have." *Id.* In this case, the trial court made no finding as to what appellee used to stab her victim.[1] This might well have prevented the court from determining whether the above definitions apply, even though it does not affect the conclusion that appellee possessed a deadly weapon as defined for the weapon enhancement provision of the guidelines.

1. The trial court noted that the witness did not see the instrument with which appellee stabbed her victim, although she saw glass protruding from the victim's shoulder after the stabbing. Slip op. of tr. ct. at 2.

The trial court's finding that the minimum sentence which should be applied to appellee under the sentencing guidelines was eight months' imprisonment was incorrect. However, the court anticipated the possibility that its application of the guidelines would be held erroneous on review, and it tried to provide for this by stating on the record its reasons for deviating from the guidelines, should we find it had done so. N.T. 7/13/84 at 40; N.T. 7/25/84 at 3 and 12; slip op. of tr. ct. at 3. We are not persuaded that this anticipatory statement by the court precludes the necessity of remand. While we may affirm a sentence that is outside the guidelines [2] provided it is reasonable, 42 Pa.C.S. § 9781(c)(3), it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside them. *Commonwealth v. Drumgoole,* *supra* 341 Pa.Super. at 474–75, 491 A.2d at 1355. *See also* *Commonwealth v. Royer,* 328 Pa.Super. 60, 70, 476 A.2d 453, 456 (1983). In this case the trial court determined the minimum sentence range under the guidelines based on the incorrect conclusions that it might apply an offense gravity score of 7, and that it need not apply the deadly weapon enhancement provision. Then it postulated different possible minimum sentence ranges resulting from (1) a different offense gravity score, (2) applicability of the deadly weapon enhancement provision, and (3) both of these.[3] It stated that the reasons it placed on the record were sufficient to support a deviation from the minimum sentence range resulting from any of these possibilities. We do not regard this as a sufficiently specific determination of the proper starting point for sentencing. Accordingly, we do not decide whether the reasons given by the trial court in fact

2. The sentence here was outside the guidelines, for it was below even the mitigated minimum range that the guidelines set for the offense.

3. In its opinion the trial court noted only the possibility that it was applying an erroneous offense gravity score. Slip op. of tr. ct. at 3. At sentencing and in denying the motion for reconsideration of sentence, however, it made clear that it also recognized the possibility that its failure to apply the deadly weapon enhancement provision of the guidelines was erroneous. We therefore conclude that it considered both possibilities.

support the deviation from the appropriate sentence under the guidelines. Rather, we vacate the order of sentence and remand so that the court may resentence appellant, knowing the correct minimum sentence range under the guidelines. If the court then finds it appropriate to deviate from this range, it may do so by placing its reasons on the record, subject to review by this court on further appeal.

The judgment of sentence is vacated and the case is remanded so that the trial court may resentence in accordance with this decision. Jurisdiction relinquished.