520 A.2d 511

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Carl W. POKORNY, Appellee.**

Superior Court of Pennsylvania.

Submitted June 16, 1986.

Filed Jan. 26, 1987.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

Joseph G. Kanfoush, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is the companion case to *Commonwealth v. Septak*, 359 Pa.Super. 375, 518 A.2d 1284 (1986), which was recently filed. In the instant matter the Commonwealth alleges that the trial court erroneously failed to apply the deadly weapon enhancement provision [1] of the Sentencing Guidelines to appellee's sentence. The Commonwealth further alleges that the sentence imposed was outside of the Sentencing Guidelines and unreasonable due to the court's failure to apply the aforementioned enhancement provision. We find that the sentencing court erred in failing to apply the deadly weapon enhancement provision for those reasons set forth in *Septak, supra,* and reverse and remand for resentencing.

We first note that as required by 42 Pa.C.S. § 9781(b), we find that there is a substantial question that the sentence imposed was not appropriate under the Sentencing Guidelines and will permit this appeal by the Commonwealth. *Commonwealth v. Mattis*, 352 Pa.Super. 144, 146–47, 507 A.2d 423, 424 (1986).

Appellee's pleas of guilty to unlawful restraint [2] and criminal conspiracy [3] resulted from his participation in the events of November 10th through 12th of 1982, when one Robert Johns was abducted and held for ransom. The record reveals that appellee pointed a loaded gun at the victim. It is also undisputed that the criminal information

1. 204 Pa.Code § 303.4, reprinted following 42 Pa.C.S. § 9721.
2. 18 Pa.C.S. § 2902.
3. 18 Pa.C.S. § 903.

and the Commonwealth's offer of proof during the guilty plea hearing included evidence of appellee's possession of a gun. However, since the Commonwealth did not specifically state during the guilty plea hearing that deadly weapon enhancement would be sought at sentencing, the sentencing court refused to consider appplication of the enhancement provision. Instead, the court imposed a sentence of four (4) to twenty-three (23) months which was within the minimum range of the recommended guidelines sentence unenhanced by the deadly weapon provision.

For the reasons set forth in *Septak, supra,* we conclude that the sentencing court erroneously refused to apply the deadly weapon enhancement provision. It is therefore necessary to vacate the sentence and remand for resentencing. *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 474–76, 491 A.2d 1352, 1355 (1985).

■ The Commonwealth also claims that the sentence herein is outside the guidelines and unreasonable as the result of the court's failure to apply the deadly weapon enhancement provision. The Commonwealth supports its assertion by suggesting that this matter is controlled by 42 Pa.C.S. § 9781(c)(3), which requires us to vacate and remand where the sentence is outside the guidelines and unreasonable. The Commonwealth relies upon the wrong subsection of 9781 however, for the court herein erroneously concluded that deadly weapon enhancement should not be applied, but purportedly imposed a sentence of imprisonment within the minimum range of the unenhanced guidelines. The applicable provision is therefore 42 Pa.C.S. § 9781(c)(1), which requires us to vacate and remand where the court purported to sentence within the guidelines but applied the guidelines erroneously.

Recognizing that we reached the reasonableness claim argued in *Septak,* we find that case to be distinguishable from the instant matter. In *Septak* the sentencing court indicated that the probationary sentence deviated from the

guidelines he thought applicable. Since the court detailed its reasons for the deviation, we could determine that the sentence of probation was unreasonable. *See, Commonwealth v. Drumgoole, supra* 341 Pa.Superior Ct. at 474–77, 491 A.2d at 1355–1356. We cannot present the same kind of analysis and determination herein, as the court did not place reasons for deviation in light of its finding that the sentence was within the minimum range of the guidelines.

We do not, therefore, make a determination on the question of unreasonableness, but vacate and remand pursuant to 42 Pa.C.S. § 9781(c)(1) in view of our disposition of the Commonwealth's first claim. The court must then, of course, resentence appellee, knowing the correct sentencing ranges available under the guidelines.[4] If the court finds it appropriate to deviate from the proper sentencing range, it may do so by placing sufficient reasons on the record, subject to review by this court if such review is sought. *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 437–39, 502 A.2d 620, 623 (1985).

Judgment of sentence is vacated and the case is remanded for resentencing in accordance with the foregoing analysis. Jurisdiction is relinquished.

CAVANAUGH, J., files a concurring opinion.

CAVANAUGH, Judge, concurring:

I agree with the result reached by the majority that appellee should be resentenced since it appears from the record that the lower court sentenced in deviation from the

---

4. Notably, the offense of conspiracy, which was tied to the underlying offense of unlawful restraint, was a misdemeanor of the first degree under the circumstances herein. See, 18 Pa.C.S. § 905(a). Although the sentence imposed was within the standard minimum range of the sentencing guidelines for a first degree misdemeanor with a prior record score of zero, there is some confusion as to whether the court's intention was to impose sentence for a felony of the second degree. Upon remand, the court is to utilize the correct offense gravity score in imposing sentence.

guidelines. However, I do not rely upon the holding in *Commonwealth v. Septak*, from which I have written a dissenting opinion. Rather, a review of the record shows that the lower court sentenced on the basis of an erroneous offense gravity score and for that reason remand is required.

Appellee, Carl Pokorny, pled guilty to unlawful restraint and conspiracy to commit unlawful restraint. Neither of these misdemeanor charges are contained in the bills of information. Nothing contained in the information, therefore, may be construed as putting appellee on notice of facts giving rise to application of the deadly weapon enhancement. Since appellee did not plead guilty to any of the original charges, he may not be sentenced on the basis of them.

The offer of proof presented by the Commonwealth at the guilty plea colloquy did refer to appellee's possession of a gun during certain portions of the criminal episode. Therefore, unlike in *Septak*, there has been a showing that appellee was alerted to his use of a deadly weapon. Appellee did not challenge the Commonwealth's recitation of the facts at the guilty plea hearing and, in response to questioning by the court, indicated his agreement with the factual presentation made by the assistant district attorney.

Therefore, I agree that, under these circumstances, the lower court erred in failing to apply the deadly weapon enhancement provision of the sentencing code.

I believe it is clear from the record that the lower court applied the sentencing guidelines for a felony of the second degree, with an offense gravity score of "six." This was error since both of the crimes to which appellee pled guilty were misdemeanors. The offense gravity score for a misdemeanor of the first degree is "three." I agree that the lower court has discretion to deviate reasonably from the sentencing guidelines upon an adequate statement of its reasons for so doing.