587 A.2d 6

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Darryl BROWN.**

Superior Court of Pennsylvania.

Argued Oct. 18, 1990.

Filed Feb. 20, 1991.

Harriet R. Brumberg, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Malcolm W. Berkowitz, Philadelphia, for appellee.

Before DEL SOLE, POPOVICH and BROSKY, JJ.

POPOVICH, Judge:

The Commonwealth appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, following the conviction of Darryl Brown on charges of aggravated assault [1] and possession of an instrument of crime.[2] Herein, the Commonwealth questions, "Did

1. 18 Pa.C.S.A. § 2702(a)(1).
2. 18 Pa.C.S.A. § 907.

double jeopardy principles prohibiting multiple punishment for the same offense prevent the lower court from applying the deadly weapon enhancement provision of the sentencing guidelines to defendant's aggravated assault conviction?" The Commonwealth also questions, "Did the lower court erroneously apply the sentencing guidelines by not adding the deadly weapon enhancement provision and by miscalculating the offense gravity score for defendant's aggravated assault conviction?" Upon review, we agree that the lower court erred at the time of sentencing, and we remand for resentencing in accordance with the provisions of this opinion.

The record reveals that on January 10, 1989, appellant stabbed his ex-girlfriend, Regina Hinton, ten times with a dry-wall saw. At the time of the attack, Ms. Hinton was seven months pregnant with appellant's child. Appellant pleaded guilty to aggravated assault and possessing an instrument of crime. At the time of sentencing, the lower court equivocated as to whether the aggravated assault conviction carried an offense gravity score of "8" or "9". Also, the sentencing judge refused to apply the deadly weapon enhancement of the sentencing guidelines, 204 Pa. Code § 303.4, reprinted following 42 Pa.C.S.A. § 9721. The judge reasoned that since appellant was sentenced separately for aggravated assault and possessing an instrument of crime, double jeopardy prohibited application of the enhancement. He also claimed that since appellant's aggravated assault conviction was based, at least in part, on appellant's use of a weapon, double jeopardy prohibited enhancement of the sentence. The lower court then sentenced Brown to 12 months less one day to 24 months less one day for the aggravated assault and a consecutive term of incarceration of 8 months to 16 months for possessing an instrument of crime.[3] The Commonwealth objected to the sentence and filed a motion to reconsider the sentence which was denied. This appeal followed.

3. In its opinion, the lower court stated it fashioned the sentence so that it could be served on the county level which, in turn, would permit appellant to continue his psycho-therapy.

Initially, we find that the Commonwealth has raised a substantial question that the sentence imposed was not appropriate under the Sentencing Guidelines, and, thus, we permit this appeal pursuant to 42 Pa.C.S.A. § 9781(b). *See Commonwealth v. Pokorny*, 360 Pa.Super. 384, 520 A.2d 511 (1987) (whether trial court erroneously failed to apply the deadly weapons enhancement of the sentencing guidelines is a substantial question); *Commonwealth v. Septak*, 359 Pa.Super. 375, 518 A.2d 1284 (1986) (sentencing court does not have discretion to disregard deadly weapon enhancement section of guidelines in determining the appropriate sentencing ranges); *Commonwealth v. Johnakin*, 348 Pa.Super. 432, 502 A.2d 620 (1985) (trial court's failure to apply deadly weapon enhancement raises a substantial question as to propriety of sentence).

While we may affirm a sentence that is outside the guidelines provided it is reasonable, 42 Pa.C.S.A. § 9781(c)(3), it is imperative that the sentencing court determine the correct starting point in the guidelines before sentencing outside them. *Commonwealth v. Drumgoole*, 341 Pa.Super. 468, 471, 491 A.2d 1352, 1355 (1987); *Johnakin*, 502 A.2d at 623. Instantly, we find that the lower court did not first correctly determine the appropriate sentence under the guidelines. Accordingly, we need not comment upon whether the reasons given by the trial court support its sentencing decision. Rather, we vacate the judgment of sentence and remand for resentencing. *Johnakin*, 502 A.2d at 623. If, upon remand, the court finds it appropriate to deviate from the proper sentencing range, it may do so by placing sufficient reasons on the record, subject to later review by this court. *Pokorny*, 520 A.2d at 513; *Johnakin*, 502 A.2d at 623.[4]

---

**4.** Instantly, the sentencing court, in anticipation of a finding of error on appeal, provided a statement of his reasons for sentencing outside the guidelines. *See* Opinion of Judge Albert W. Sheppard, Jr. However, such anticipatory action by the sentencing court does not eliminate the necessity of first determining the proper sentence under the guidelines. *Johnakin*, 502 A.2d at 623.

Presently, it is clear that appellant's conviction for aggravated assault (causes serious bodily injury), 18 Pa.C.S.A. § 2702(a)(1), carries a gravity offense score of "9", not "8". Thus, it is readily apparent that the trial court did not correctly determine the appropriate sentencing range for appellant.[5]

It is also clear that application of the deadly weapon enhancement to appellant's aggravated assault conviction does not violate the principles of double jeopardy. The Fifth Amendment guarantee against double jeopardy protects against, *inter alia,* multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664 (1969); *Commonwealth v. Kirchner,* 348 Pa.Super. 190, 193, 501 A.2d 1134, 1136 (1985); *Commonwealth v. Walls,* 303 Pa.Super. 284, 292–293, 449 A.2d 690, 694–695 (1982).

Instantly, applying the deadly weapon enhancement to appellant's sentence does not constitute multiple punishment for the same offense.[6] Rather, as the U.S. Supreme Court stated when commenting on the Pennsylvania Mandatory Sentencing Act, it merely "ups the ante" for appellant's possession of a deadly weapon during the commission of the aggravated assault. *Cf., McMillian v. Pennsylvania,* 477 U.S. 79, 89, 106 S.Ct. 2411, 2417, 91 L.Ed.2d 67, 78 (1986) (Pennsylvania Mandatory Sentencing Act, 42 Pa.C. S.A. § 9712, which sets a statutory minimum sentence for employing a firearm during commission of the offense simply "ups the ante" and does not violate due process); *Kirchner,* 501 A.2d at 1136 (Mandatory Sentencing Act, 42

**5.** Moreover, a completed Pennsylvania Commission On Sentencing Guideline Sentence Form does not appear in the record. Thus, we must question whether the lower court ever determined the appropriate sentencing ranges before sentencing outside the guidelines. See 204 Pa.Code § 303.1(b).

**6.** It is important to distinguish the present case where the aggravated assault conviction is based upon "serious bodily injury", 18 Pa.C.S.A. § 2702(a)(1), and a situation where the aggravated assault conviction is based upon an attempt to cause or causing bodily injury *with a deadly weapon,* 18 Pa.C.S.A. § 2702(a)(4). In the latter case, the deadly weapon enhancement, 204 Pa.Code § 303.4(b) specifically provides that it does not apply.

Pa.C.S.A. § 9712, does not create a separate crime, but merely a minimum sentence, and therefore does not violate double jeopardy proscription of successive prosecutions for same offense); *United States v. Vigil*, 818 F.2d 738, 742 (1987) (use of defendant's prior felony record to convict him of 'convicted felon not to possess firearm' and to enhance his sentence under special offender statute did not violate double jeopardy); *United States v. Doffin*, 791 F.2d 118, 120 (1986) (where defendant was convicted of aggravated bank robbery which provides for an enhanced punishment if offense is committed with a weapon, one could also receive a mandatory punishment for use of a firearm during a violent crime without violating double jeopardy).

■ Simply stated, the deadly weapon enhancement section of the sentencing guidelines does not doubly punish appellant for possessing a weapon during commission of his crime. It is not a second punishment for the underlying offense. *Cf., Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985) (Mandatory Minimum Sentencing Act restricts the judge's discretion but does not constitute a separate offense calling for a separate penalty). Rather, the deadly weapon enhancement merely increases the appropriate sentencing ranges without any increase in the maximum sentence possible. *Commonwealth v. Williams*, 353 Pa.Super. 207, 509 A.2d 409, 411–412 (1986) (204 Pa. Code § 303.4 is not a legislative definition of a crime but is a legislative determination of punishment to be imposed following certain convictions; it does not make the use of a weapon an element of the crime but serves only to define the minimum punishment to be imposed). Moreover, it is important to remember that a sentencing court may, at its discretion, impose a sentence below that suggested by enhanced guidelines ranges. *Johnakin*, 502 A.2d at 623.

In sum, application of the deadly weapon enhancement to appellant's aggravated assault conviction does not violate double jeopardy protections. Therefore, the trial court erred by refusing to apply the enhancement to appellant's sentence, and we must remand for resentencing. However,

upon remand, the sentencing court may still sentence below the enhanced ranges, provided the court does so in a reasonable manner and expresses sufficient reasons for so doing. *Johnakin,* 502 A.2d at 623; 204 Pa.Code § 303.1(h).[7]

Judgment of sentence vacated. Case remanded for resentencing in accordance with the provisions of this opinion.

DEL SOLE, J., files a dissenting statement.

DEL SOLE, Judge, dissenting.

I would affirm the trial court's sentence for the reasons stated in its opinion. The trial judge fashioned a sentence so the defendant received county time. This was important to insure continual psychiatric therapy. A review of the pre-sentence report supports this consideration. While I agree with the Majority that consideration of Weapon Enhancement is appropriate where the Aggravated Assault conviction is based upon 18 Pa.C.S.A. § 2702(a)(1), I do not believe that remand is necessary.

Enhancement only requires that the trial judge add to the Guideline range not that a specific additional period of incarceration be imposed. Here the Court sought to establish a specific sentencing objective, namely continuation of

7. In closing, we will briefly comment upon appellant's sentence. Applying the sentencing guidelines, the correct gravity offense score for appellant's aggravated assault conviction is "9". 204 Pa.Code § 303.8. His prior record score is "0". 204 Pa.Code § 303.7. After adding on the deadly weapon enhancement, the correct ranges for appellant's sentence for aggravated assault are: Mitigated Range, 39 months to 60 months, Standard Range, 48 months to 84 months, and Aggravated Range, 72 months to 99 months.

Appellant's sentence of 12 months less one day to 24 months less one day for the aggravated assault is over two years less than even the mitigated range of the guidelines suggest. Even if we consider appellant's aggregate sentence of 18 months less one day to 40 months less one day, it is still almost two years less than the suggested sentence (mitigated range) for the aggravated assault alone.

In choosing among the various sentencing alternatives, the lower court appears to have focused solely on the needs of Brown to the exclusion of other sentencing factors, including the gravity of the offense and its impact upon the victim. The sentence appears unreasonably lenient for the brutal stabbing. *See Septak,* 518 A.2d at 1288; *Commonwealth v. Mattis,* 352 Pa.Super. 144, 507 A.2d 423 (1986).

therapy. This is in keeping with the pre-sentence report recommendations. Also, the trial judge points out that the sentence has been enhanced by imposition of a consecutive sentence for the Possession of an Instrument of Crime conviction. It is important to remember that the instrumentality involved in the case, a dry wall saw, is not by nature an instrument of crime. It did not become one until it was used in the assault. I see no reason to remand for resentencing since the trial judge can impose the same sentence to achieve the result intended.

Since I believe that the sentence imposed by the trial court does not evidence any abuse of discretion and in fact has legitimate and proper reasons to support its imposition, I would affirm.