588 A.2d 1312

COMMONWEALTH of Pennsylvania, Appellant,

v.

Edward DOTZMAN, Appellee. (Four Cases)

Superior Court of Pennsylvania.

Argued Jan. 31, 1991.

Filed April 5, 1991.

Harriet R. Brumberg, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Owen Larrabee, Asst. Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, CIRILLO and BROSKY, JJ.

CAVANAUGH, Judge:

The principal issue in this case is whether the deadly weapon enhancement provisions set forth at 204 Pa.Code § 303.4 are unconstitutional as violative of the prohibition against double jeopardy.[1] The court below, in imposing sentence on Edward Dotzman, the appellee, did not apply § 303.4 to the guideline sentence range for robbery in the first degree, where the offenses were committed at knifepoint.[2] The Commonwealth's petition to modify the sentence was denied and it has appealed to this court.

Before reaching the main issue we must consider appellee's contention that we should quash this appeal from the discretionary aspect of the sentence. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) allows an appeal from the discretionary aspect of a sentence, only where the appellant includes in his brief, immediately preceding argument in support of the challenge, a separate

1. The Fifth Amendment of the United States Constitution provides: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb: ...." This provision is applicable to the states through the Fourteenth Amendment of the Constitution. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *See also, Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375 (1991.)

 The constitutional protection against double jeopardy is also guaranteed by the Constitution of Pennsylvania, Article I, Section 10.

2. 204 Pa.Code § 303.4 provides in part:

 **§ 303.4 Deadly weapon enhancement**

 (a) When the court determines that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applicable.

 18 Pa.C.S. § 2301 defines a deadly weapon as:

 "**Deadly weapon.**" Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or *any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury.* (Emphasis added.)

concise statement of the reasons for the allowance of the appeal under Pennsylvania Rule of Appellate Procedure 2119(f). The Commonwealth has complied with this requirement. However, under 42 Pa.C.S. § 9781(b), an allowance of appeal may be granted at the discretion of the appellate court only where it appears that there is a substantial question that the sentence imposed is not appropriate. In exercising that discretion the court may consider the trial court's opinion and the record. *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987); *Commonwealth v. Felix*, 372 Pa.Super. 145, 539 A.2d 371 (1988).

 We find that there is a substantial question that the sentence is not appropriate under the sentencing guidelines as the trial court held inapplicable the provisions of 204 Pa.Code § 303.4. *See, Commonwealth v. Mattis*, 352 Pa.Super. 144, 507 A.2d 423 (1980). Accordingly, the appeal is allowed.

The appellee entered a guilty plea to four counts of robbery (three counts of robbery as a first-degree felony and one count as a felony of the second degree), three counts of possession of an instrument of crime generally, two counts of theft, unlawful taking and disposition, and two counts of illegal use of computer.[3]

The three robberies in this case which constituted felonies of the first degree all involved the use of a knife and

---

**3.** A felony of the first degree is one which is so designated in the Crimes Code as carrying a maximum sentence of imprisonment of more than ten years. 18 Pa.C.S. § 106(b)(2).

18 Pa.C.S. § 1103 provides:

A person who has been convicted of a felony may be sentenced to imprisonment as follows:

(i) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

Robbery is defined in 18 Pa.C.S. § 3701 as follows:

**(a) Offense defined.—**

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree.

basically followed a consistent *modus operandi.* The three offenses occurred within a short period of time. On January 28, 1989 the appellee entered the automobile of Daniel Hernandez which was stopped at a traffic light. He demanded money at knifepoint and fled with $250.00 and Mr. Hernandez's driver's license. On February 1, 1989 at 3:00 A.M., the appellee entered the vehicle of Robert Stein at Frankford Avenue and Harbison Street and demanded money at knifepoint. He observed a Philadelphia Saving Fund Society bank card in Mr. Stein's wallet and ordered him to drive to an automatic teller machine where Mr. Stein was forced to withdraw cash and give it to the appellee. On February 5, 1989 the appellee was hitchhiking at about 3:50 A.M. when Thomas Mason stopped and offered him a ride. Once inside the vehicle, the appellee demanded Mason's wallet at knifepoint. Again, the appellee observed a MAC card and ordered Mason to drive to a MAC machine where he forced him to withdraw $200.00. The appellee fled in Mason's vehicle and took his MAC card with him. The next day, the appellee withdrew another $400.00 on Mr. Mason's MAC card.

Three of the robberies were first-degree felonies, as the appellee intentionally put his victim in fear of immediate, serious bodily injury. Further, the offenses were committed with a deadly weapon which triggered the deadly weapon enhancement provisions of the sentencing guidelines, 204 Pa.Code § 303.4, 42 Pa.C.S. § 9721.

Since the court below determined that the appellee possessed a deadly weapon during the commission of the robberies described above, under § 303.4 "at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applied."

At sentencing the court below stated:

I have considered the deadly weapon enhancement. *I find it should not be applied in this case for this reason:* That in each case, each of these robberies became a felony of the first degree because of the use of

the weapon, which in no case was anyone harmed. The weapon was used to frighten people and force them to follow the defendant's instructions to go to a bank and take out money. In each of these cases, if the weapon had not been used, the robbery would have risen no higher than a felony of the third degree. Thus, the use of the weapon has already been counted to raise the degree of the robbery and to raise the offense gravity score. To count the use of the weapon both to raise the offense gravity score and to add on years by the deadly weapon enhancement in my view, violates the very rules of construction of the Sentencing Commission, which have held that you may not count a zero prior record score as a mitigating circumstance, because it would be to count it twice. *In my view, where the use of the weapon is itself a factor that raises the crime to a higher offense gravity score, then to also add the weapon enhancement is to punish the defendant twice for the same conduct.* (Emphasis added.)

The court below, in its opinion, stated: "The deadly weapons enhancement section of the Sentencing Guidelines is not a mandatory requirement such as a mandatory sentence. The Court need not impose the deadly weapons enhancement guidelines but need only consider them." It is clear from the record, however, that the court in imposing sentence did not take into consideration the deadly weapon enhancement provisions of § 303.4. The court believed the section should not be applied as it would result in a double penalty for the same offense. This conclusion is fortified by the court's opinion, wherein it is stated: "To further enhance the sentence on the F1 Robbery bills, because he used a weapon, would be to sentence him twice for possessing an instrument of crime."

██ The constitutional protection against double jeopardy precludes one from being punished twice for the same offense. However, the court misinterpreted § 303.4 as the Act does not provide for sentencing the defendant twice for the same offense, but rather calls for an increase in the

guideline sentence range where a deadly weapon has been used. The court's reasoning that the appellee would not have been found guilty of robbery as a first degree felony unless he had used a deadly weapon, and that the deadly weapon enhancement provision is inapplicable, as involving double jeopardy, is fallacious. We note initially that robbery to be a first-degree felony does not necessarily require the use of a deadly weapon. Secondly, where a deadly weapon is used, the deadly weapon enhancement provision is triggered but this is not a double punishment but only the legislative imposition of the requirement that the guideline sentence range be increased.

The court below incorrectly stated that "the deadly weapon enhancement section is not a mandatory requirement, such as a mandatory sentence." The Code requires that where a deadly weapon is used "at least 12 months and up to 24 months confinement *shall be added* to the guideline sentence range...." (Emphasis added.) This is clearly a mandate of the legislature to which the court below did not adhere. Appellee argues that: "Because sentencing courts have wide discretion, and the instant sentence was imposed with scrupulous attention to the Sentencing Code and knowledge of the correct enhanced guidelines ranges, the discretionary departure from the enhancement, if found to be legally incorrect, is merely harmless error." This argument is flawed as it is based on the incorrect premise that sentence was "imposed with scrupulous attention to the Sentencing Code." In actuality, the court determined that the deadly weapon enhancement provision could not be applied.

■ § 303.4 does not conflict with the prohibition against double jeopardy.[4] The double jeopardy clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against

4. In Pennsylvania, there is a strong presumption in favor of the constitutionality of all lawfully enacted legislation. *Commonwealth v. Hatfield,* 397 Pa.Super. 90, 579 A.2d 945 (1990).

multiple punishments for the same offense." *Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *citing, North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted.) *See also, Commonwealth v. Kemmerer,* 526 Pa. 160, 584 A.2d 940 (1991). An increase in the guideline sentence range does not constitute multiple punishment for the same offense. *Commonwealth v. Brown,* 402 Pa.Super. 369, 587 A.2d 6 (1991). The guidelines and the ranges set forth therein do not mandate the imposition of a minimum sentence. As noted in *Commonwealth v. Zorn,* 397 Pa.Super. 231, 580 A.2d 8, 12, footnote 5 (1990): "Under the guidelines, the judges have discretion, whereas under the mandatory sentencing provisions, they do not...." The court below noted that a sentencing court "need not impose the deadly weapon enhancements guideline but need only consider them." While stating this, it is clear that the court did not consider the enhancement provisions as it stated they did not apply because their application would result in double punishment for the same offense. The appellee's argument that the court below fully considered both "the sentencing guidelines, including the deadly weapon enhancement" is devoid of merit. The court below made it clear that the enhancement provisions were inapplicable and would not be applied to the first-degree felony robbery convictions.

In *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 491 A.2d 1352 (1985) the defendant was convicted of robbery, aggravated assault and criminal conspiracy. A gun was used in the robbery. At sentencing:

the trial court, however, determined that the deadly weapon enhancement provisions of the guidelines were *not* applicable. This was error. The sentencing court has not been given discretion to determine whether or not consideration should be given to the fact that a deadly weapon was used in calculating the guideline sentence ranges. Although the trial court is vested with the right, in the proper exercise of its discretion, to sentence outside

the guidelines, it is imperative that before making that determination the correct starting point in the guidelines be determined. (Emphasis in original.)

341 Pa.Super. at 474, 491 A.2d at 1355.

In reviewing a judgment of sentence to which the sentencing guidelines have been applied, we may remand where the trial court applied the guidelines erroneously. *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 502 A.2d 620 (1985). As the court did in *Drumgoole, supra,* we must remand for resentencing since the court below improperly excluded § 303.4 in determining the guideline sentence range.[5]

In *Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284 (1986) we remanded for resentencing, as the trial court refused to apply the deadly weapon enhancement provisions of § 303.4. The reason for refusing to apply the section did not rise to a constitutional challenge but was based on the fact that the defendant was not put on notice that the section would apply. We held that the defendant had adequate notice as he knew that his accomplice had a gun. In a companion case, *Commonwealth v. Pokorny,* 360 Pa.Super. 384, 520 A.2d 511 (1987), we also vacated the judgment of sentence and remanded for resentencing as the trial court erroneously failed to apply the deadly weapon enhancement provision of the sentencing code. In that case, the reason for not applying the provision was that the Commonwealth did not state during the guilty plea hearing that the deadly weapon enhancement section would be sought at sentencing for a crime in which the defendant possessed a gun. While neither case involved a constitutional challenge to § 303.4, they determined beyond peradventure that § 303.4 must be applied where a crime is committed by one in possession of a deadly weapon.[6]

5. That the total sentence imposed fell within the mitigated range of the enhanced sentencing guidelines is of no moment where the court ruled that § 303.4 is inapplicable.

6. *Commonwealth v. Johnakin, supra,* held that the trial court *was required* to apply the deadly weapon enhancement provision of the

■ The trial court has no discretion as to whether it will apply § 303.4 and add at least twelve months and up to twenty-four months confinement to the guideline sentence range when the defendant possesses a deadly weapon during the commission of an offense. *It must do this.* The court's discretion comes into play in imposing sentence, only after it has determined the proper sentencing guideline range.

Judgment of sentence vacated and case remanded for resentencing. *See Commonwealth v. Drumgoole, supra.*

Panel jurisdiction is relinquished. Jurisdiction of the Court is Relinquished.

guidelines as the defendant had stabbed her victim in the course of a robbery.