589 A.2d 718

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard CORNISH.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Filed April 8, 1991.

Harriet R. Brumberg, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jeffrey P. Shender, Philadelphia, for appellee.

Before MONTEMURO, TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge.

This Commonwealth appeal is from the judgment of sentence imposed after appellee pled guilty to robbery, possessing an instrument of crime, unlawful use of a computer, and attempted theft by deception. The Commonwealth contends that the sentencing court erred in failing to apply the deadly weapon enhancement provision of the sentencing guidelines [1] when it determined the guideline ranges applicable to appellee's robbery conviction. For the reasons set forth below, we vacate the judgment of sentence and remand for resentencing.

On November 18, 1989, appellee went to the victim's apartment and stole her money access card ("MAC" card), a watch and jewelry. In the course of the robbery, appellee struck the victim numerous times with a fireplace poker,

[1]. 204 Pa.Code § 303.4, *reprinted following* 42 Pa.C.S.A. § 9721.

inflicting serious injury. Subsequently, on January 2, 1990, appellee pled guilty to robbery and possession of an instrument of crime. On March 27, 1990, appellee pled guilty to additional charges of unlawful use of a computer and attempted theft by deception in connection with his attempted use of the victim's MAC card. On that same day, appellee was sentenced to forty-two to one-hundred-and-twenty months imprisonment for robbery, a concurrent term of twelve to twenty-four months for possessing an instrument of crime, and thirty-six months concurrent probation for unlawful use of a computer.[2] Appellee's Motion to Modify, Vacate and Reconsider Sentence was filed and denied on April 3, 1990. The Commonwealth's Petition for Reconsideration of Sentence was filed and denied on April 5, 1990. This timely Commonwealth appeal followed.

The Commonwealth contends that the sentencing court erred by refusing to apply the deadly weapon enhancement of the sentencing guidelines when it formulated appellee's sentence for robbery.[3] After considering relevant statutory and case law, we must agree.

It is well-established that sentencing is vested within the sound discretion of the trial court. *See, e.g., Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976). However, the court must exercise its discretion in accordance with applicable provisions in the Sentencing Code, 42 Pa. C.S.A. § 9701 et seq. Thus, the Code provides in relevant part:

2. Sentence was suspended on the attempted theft by deception charge based on principles of merger.

3. As a preliminary matter, we note that the Commonwealth's brief complies with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), and that the Commonwealth has raised a substantial question that the sentence imposed was not appropriate under the sentencing guidelines. *See Commonwealth v. Pokorny*, 360 Pa.Super. 384, 386, 520 A.2d 511, 512 (1987) (allegation that sentencing court erroneously refused to apply deadly weapon enhancement provision in sentencing defendant is substantial question). Therefore, we permit this appeal pursuant to 42 Pa.C.S.A. § 9781(b).

the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing.... In every case where the court imposes a sentence outside the sentencing guidelines ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines.

*Id.* § 9721(b).

■ Our Supreme Court has recognized that a sentencing court is not required to adopt the recommendations in the guidelines, but it must, at the least, consider them. *See Commonwealth v. Sessoms,* 516 Pa. 365, 376–77, 532 A.2d 775, 781 (1987). The deadly weapon enhancement provision of the sentencing guidelines provides that when the court determines that the defendant possessed a deadly weapon during the commission of a criminal offense, the court must add at least 12 months and up to 24 months to the guideline sentence that would otherwise have been applicable. *See* 204 Pa.Code § 303.4. The sentencing court may not disregard this section in determining the appropriate guideline sentencing ranges. *See Commonwealth v. Septak,* 359 Pa.Super. 375, 380, 518 A.2d 1284, 1286 (1986); *Commonwealth v. Drumgoole,* 341 Pa.Super. 468, 474, 491 A.2d 1352, 1355 (1985).[4] It is imperative that the sentencing court determine the correct starting point in the guidelines before imposing sentence. *See Commonwealth v. Septak, supra,* 359 Pa.Super. at 382, 518 A.2d at 1287; *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 438, 502 A.2d 620,

**4.** Both *Septak* and *Drumgoole* construed the prior sentencing guidelines, which were declared unconstitutional in *Commonwealth v. Sessoms, supra.* The present guidelines were promulgated on February 22. 1988 (effective April 25, 1988). Section 303.4 of the present guidelines is substantially similar to § 303.4 of the prior guidelines.

623 (1985); *Commonwealth v. Drumgoole, supra,* 341 Pa.Super. at 474, 491 A.2d at 1355.

As noted above, appellee's conviction in this case arose from a robbery during which he beat the victim with a fireplace poker. Under the sentencing guidelines, the offense gravity score for appellant's robbery conviction is "9," *see* 204 Pa.Code § 303.8, and his prior record score is "0." *See id.* § 303.7. These scores result in the following suggested minimum sentencing ranges:

Standard Range 36–60 months

Aggravated Range 60–75 months

Mitigated Range 27–36 months

*See id.* § 303.9. After adding on the deadly weapon enhancement, the correct ranges for appellee's robbery sentence are:

Standard Range 48–84 months

Aggravated Range 72–99 months

Mitigated Range 39–60 months

*See id.* § 303.4. Thus, the sentence imposed for the robbery conviction, forty-two to one-hundred-and-twenty months, is in the standard range suggested by the guidelines without the deadly weapon enhancement, and within the mitigated range when the deadly weapon enhancement is applied.

At the sentencing hearing, the Commonwealth argued that the deadly weapon enhancement should have been applied to the guideline ranges when the court formulated appellee's robbery sentence. *See* N.T. March 27, 1990, at 45–48. The court refused the Commonwealth's request, however, *see id.* at 48–49, and determined that a sentence within the standard range without application of the deadly weapon enhancement would be appropriate. *See id.* at 53. It is undisputed that appellee repeatedly struck the victim with a fireplace poker during the course of the robbery. *See* N.T. January 2, 1990, at 10–12. Therefore, the trial court was required to apply the deadly weapon enhancement when it calculated the guideline ranges applicable to

appellee's robbery conviction. *See* 204 Pa.Code § 303.4; *see also Commonwealth v. Septak, supra; Commonwealth v. Drumgoole, supra.* "[I]t is imperative that before making th[e] determination [to sentence outside the guidelines] the correct starting point in the guidelines be determined." *Commonwealth v. Drumgoole, supra,* 341 Pa.Super. at 474, 491 A.2d at 1355. Accordingly, appellee's sentence must be vacated and the case remanded for resentencing after consideration of the appropriate guidelines, including the deadly weapon enhancement. If the court then finds it appropriate to sentence outside the guidelines, of course, it may do so as long as it places its reasons for the deviation on the record. *See* 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Rich,* 392 Pa.Super. 380, 383–86, 572 A.2d 1283, 1284–86 (1990).[5]

Judgment of sentence vacated and case remanded for resentencing. Jurisdiction is relinquished.

---

**5.** The Commonwealth also takes issue with the trial court's suggestion that principles of double jeopardy precluded application of the deadly weapon enhancement provision. It is well-settled that courts should not address constitutional issues unless absolutely necessary, and should, instead, attempt to resolve the case on another basis. *Ballou v. State Ethics Comm'n,* 496 Pa. 127, 129, 436 A.2d 186, 187 (1981); *Coatesville Dev. Co. v. United Food and Commercial Workers, AFL–CIO,* 374 Pa.Super. 330, 337, 542 A.2d 1380, 1383 (1988) (citation omitted). Here, the court specifically stated that it did not accept, for sentencing purposes, the argument that double jeopardy prevented application of the deadly weapon enhancement provision. *See* N.T. March 27, 1990, at 49. Thus, the factual predicate for the Commonwealth's argument does not exist. Moreover, because we have held that the trial court erred in failing to apply the deadly weapon enhancement when it determined the applicable sentencing guideline ranges, it is not necessary for us to address the Commonwealth's constitutional argument.