617 A.2d 1278

COMMONWEALTH of Pennsylvania

v.

Timothy S. BERRENA, Appellant.

Superior Court of Pennsylvania.

Argued June 4, 1992.

Filed Nov. 16, 1992.

Edward S. Blanarik, Jr., State College, for appellant.

Mark S. Smith, Asst. Dist. Atty., Bellefonte, for Com., appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

MONTEMURO, Judge.

This is an appeal from judgments of sentence entered following appellant's conviction on several counts of simple assault [1] and recklessly endangering another person.[2] On appeal, appellant, Timothy Berrena, raises the following nine issues for our review:

1. 18 Pa.C.S.A. § 2701(a)(1) and (3).
2. 18 Pa.C.S.A. § 2705.

1. Should the criminal informations have been dismissed for failure to specify the dates and times of the alleged offenses?

2. Should the court have granted a change of venue or venire?

3. Did the court err by permitting Commonwealth witnesses to testify concerning statements allegedly made by appellant?

4. Did the court err by permitting the cumulative testimony of a Commonwealth witness?

5. Was the Commonwealth's expert witness qualified to offer expert testimony and opinion relative to the causing of serious bodily injury by the ingestion of either vomit or urine?

6. Did the court err by denying appellant's demurrers to the charges of recklessly endangering another person?

7. Were the verdicts contrary to the evidence and to the weight of the evidence?

8. Does the offense of simple assault merge with the offense of recklessly endangering another person for the purpose of sentencing?

9. Did imposition of the maximum sentence provided by law constitute an abuse of discretion?

After a thorough review of the record, we affirm in part and vacate in part the judgments of sentence.

The criminal charges filed against appellant arose out of his reprehensible treatment of various residents of the State College Manor Nursing Home ("Home"). According to testimony presented at trial, appellant was employed by the Home as a nurse's aide. As one of his responsibilities, appellant assisted in the feeding of the Home's debilitated residents. Unfortunately, appellant violated his position by abusing the individuals entrusted into his care.

At some point during an evening meal, one of residents became ill and vomited into a basin. Appellant removed a spoonful of vomit from the basin and fed it to a feeble elderly woman. During another meal, appellant offered a resident a

cupful of her own infected urine. Only the intervention of another staff member prevented the women from drinking the urine.

On two separate occasions, appellant fed jalopena peppers to a resident afflicted with Alzheimer's disease. On the second occasion, appellant used physical force to keep the resident from disgorging the peppers. In addition to these acts, appellant threatened a co-worker with a knife. Appellant was subsequently arrested and charged with numerous counts of aggravated assault[3], simple assault, recklessly endangering another person, and harassment.[4]

After a jury trial, appellant was found guilty on four counts of simple assault and four counts of recklessly endangering another person. Motions for a new trial and in arrest of judgment were filed and denied by the trial court. Appellant was then sentenced to a minimum period of incarceration of four years and a maximum period of eight years.[5] This appeal followed.

Upon review of the trial court's opinion and order of August 14, 1990, we find that the trial court's opinion adequately addresses the first four issues and the sixth and seventh issues raised by appellant. Therefore, these issues do not warrant review by this court and we affirm those issues on the basis of the trial court's opinion.[6]

3.  18 Pa.C.S.A. § 2702(a)(1).

4.  18 Pa.C.S.A. § 2709.

5.  Although appellant's conduct is covered by our criminal code, we encourage our Legislature to pass legislation that provides specific criminal penalties for abuse of the elderly. We do note that House Bill No. 1145, now pending before the Committee on Aging and Youth, does provide criminal penalties for abuse or neglect of residents of long term care facilities.

6.  With regard to the seventh issue, the trial court's opinion adequately addresses all of the various claims raised by appellant except for his assertion that his four simple assault convictions are against the weight of the evidence. Whether appellant is entitled to a new trial on the basis that the verdict is against the weight of the evidence is left to the sound discretion of the trial court. *Commonwealth v. Murray*, 408 Pa.Super. 435, 439, 597 A.2d 111, 113 (1991), *alloc. denied*, 529 Pa. 668, 605 A.2d 333 (1992). On appeal, this court's duty is to determine

The fifth issue raised by appellant challenges the trial court's decision to allow a doctor, who is certified in the fields of psychiatry and neurology, to testify as an expert on the effects of ingesting vomit and urine. When we review such a challenge, we are bound by several well established principles.

■ "The determination of whether a person is qualified as an expert in this particular field is left to the discretion of the trial judge. Furthermore, that determination is based solely on whether their opinion will aid the trier of fact in finding the truth of the issues involved." *Commonwealth v. Young,* 524 Pa. 373, 389, 572 A.2d 1217, 1225 (1990) (citations omitted). And, we will not reverse such a determination absent a clear abuse of discretion. *Commonwealth v. Echevarria,* 394 Pa.Super. 261, 266, 575 A.2d 620, 623 (1990).

■ Here, the trial court allowed a psychiatrist to give expert testimony as to the effects of ingesting vomit or urine. Although the expert was not certified in either internal medicine or gastroenterology, he did have an understanding of these areas, as would any other physician. Under Pennsylvania law, a physician is competent to testify as an expert in a field outside of his own specialty. *Commonwealth v. Owens,* 321 Pa.Super. 122, 127, 467 A.2d 1159, 1162 (1983). Thus, once the Commonwealth's expert attested to his specialized knowledge, the trial court acted within its discretion when it found that the witness was qualified to testify. Accordingly, we affirm the trial court's determination.

■ The eighth issue raised by appellant asserts that the offenses of recklessly endangering another person and simple assault merge for sentencing purposes. After a review of the relevant caselaw, we agree.

whether the trial court has abused its discretion, not to substitute our judgment for that of the trial court.

Appellant is entitled to a new trial if the verdict is so contrary to the evidence as to shock one's sense of justice, and the award of a new trial is imperative that right may be given another opportunity to prevail. *Id.,* at 439, 597 A.2d at 113. After thorough review of the record, we find that the jury's verdict does not shock our sense of justice. Accordingly, the trial court's denial of appellant's motion was not an abuse of discretion.

The doctrine of merger applies when one crime 'necessarily involves' another. *Commonwealth ex. rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A.2d 920 (1941), *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977). It is also well settled that for one crime to necessarily involve another, the essential elements of one must be the essential elements of the other. *Commonwealth v. Olsen, supra, Commonwealth v. Farmer,* 244 Pa.Super. 334, 368 A.2d 748 (1976). That is, if no additional facts are needed to prove the additional offense, it merges into the primary offense for sentencing purposes. Only one sentence may thereafter be imposed. *See Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973), *Commonwealth v. Cox,* 209 Pa.Super. 457, 228 A.2d 30 (1967), *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979).

*Commonwealth v. Eberts,* 282 Pa.Super. 354, 357–358, 422 A.2d 1154, 1155–56 (1980).

After applying the appropriate analysis, this court has found that the crimes reckless endangering another person and simple assault merge. *Commonwealth v. Cavanaugh,* 278 Pa.Super. 542, 546, 420 A.2d 674, 676 (1980). *See also Commonwealth v. Channell,* 335 Pa.Super. 438, 445, 484 A.2d 783, 786 (1984). The Commonwealth does not attempt to distinguish *Cavanaugh, supra,* but rather requests that we simply ignore its holding. This panel does not have the power to ignore controlling authority.

Appellant claims that because the sentences merge, he is entitled to have the case remanded for resentencing. However, "[w]here a case requires a correction of sentence, this court has the option of either remanding for resentencing, or amending the sentence directly." *See Commonwealth v. Eberts,* 282 Pa.Super. at 359, 422 A.2d at 1156. As appellant concedes, all of the sentences for reckless endangerment run concurrently with the sentences for simple assault. Thus, the aggregate sentence is not changed by merging the sentences. As such, a remand is not necessary. Instead we will vacated

the concurrent sentences for reckless endangering another person.[7]

Finally, appellant asserts that under the facts of this case, the sentencing court's imposition of the maximum sentence provided by law constitutes an abuse of discretion.[8] Appellant asserts that the sentencing court failed to consider all mitigating circumstances and did not provide on the record a sufficient reason to justify the sentence. This issue implicates the discretionary aspects of sentencing and we will only address the merits of this claim if a review of the record and the trial court's opinion convinces this court that a substantial question exists as to whether appellant's sentence is inappropriate. *Commonwealth v. Dotzman*, 403 Pa.Super. 325, 588 A.2d 1312 (1991). The trial court had the benefit of a presentence report and did articulate reasons, on the record, explaining the sentence imposed. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988) (presumes trial court was aware of and considered contents of presentence report). Specifically, the trial court stated:

7. We recognize that we are vacating the sentence for the greater offense of reckless endangering another person while allowing the sentence to stand for the lesser included offense of simple assault. However, our decision as to which sentence to be vacated is not guided by which sentence is for the lesser or greater offense. Rather our decision is guided by which crime has the greatest possible sentence. *Commonwealth v. Nelson, supra; Commonwealth v. Boerner*, 281 Pa.Super. 505, 422 A.2d 583 (1980). In the present case, both simple assault and reckless endangering another person carry equivalent maximum penalties. As such, this court has the authority to vacate either of the sentences. Since the trial court ran the sentences for reckless endangering another person concurrently with the consecutive sentences for simple assault, vacating the sentences for reckless endangerment does not upset the trial court's considered sentencing scheme.

8. We note that when taking into consideration appellant's prior record score of zero, the Sentencing Guidelines, 204 Pa.Code § 303.1 *et seq., reprinted in,* 42 Pa.C.S.A. § 9721, recommend a minimum period of confinement of zero to twelve months in the standard range and the statutory limit in the aggravated range. Appellant's consecutive 12 month minimum sentences fell within the standard range of the guidelines. The statutory maximum for either simple assault or reckless endangerment is 24 months. Therefore, appellant's standard range 12 month sentence was also the maximum sentence permitted by law. *See* 42 Pa.C.S.A. § 9756(b) (a prison sentence must include a minimum term which cannot exceed one half the maximum).

I've considered the presentence report and incorporate the same into the record as part of the reason for my sentence in your case. I considered materials submitted by your counsel, statements made by your counsel, the letters of reference submitted by your counsel, plus the additional two or three that I received ...

I've considered your education, character, background, your prior criminal record. Although it is minimal, it is for a simple assault charge. I've considered the circumstanced surrounding these offenses.

I've considered probation and rejected the same, because I believe that you either knew or you should have known that your actions would cause serious or could cause serious harm to the the victims, that there are no grounds tending to excuse or justify your conduct. The victims did nothing to induce or facilitate the commission of the crimes against them, that they were, in fact, helpless and it would be the same as though you had been abusing a child, that you violated any trust which these people put in you.

I've considered guilt without penalty and partial confinement and rejected both for the above-stated reasons. I've chosen total confinement as I believe that a lesser sentence would seriously depreciate the nature of the crimes against these elderly individuals.

(N.T. 9/4/90 at 14–15). As the foregoing illustrates, the trial court considered all relevant evidence and provided an individually tailored sentence for appellant. As such, we find that the trial court did not abuse its discretion.

Judgments of sentence affirmed in part, vacated in part.