UNITED STATES of America,
Plaintiff-Appellee,

v.

Ronnie Alfredo VIGIL,
Defendant-Appellant.

No. 85–2775.

United States Court of Appeals,
Tenth Circuit.

May 14, 1987.

Edwin Macy, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellant.

William L. Lutz, U.S. Atty., and David N. Williams, Asst. U.S. Atty., Albuquerque, N.M., were on the brief, for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, TACHA, Circuit Judge, and BROWN, District Judge.*

HOLLOWAY, Chief Judge.

Ronnie Alfredo Vigil appeals the district court's denial of his motion to correct an illegal sentence pursuant to Rule 35(a), Fed.R.Crim.P.[1]

Vigil was indicted by a federal grand jury in February 1983. The indictment charged him with possession of a firearm by a felon in violation of 18 U.S.C.App. § 1202(a). It alleged that Vigil had been previously convicted of five felonies, four of which were state convictions for burglary, aggravated assault with a deadly weapon (firearm), possession of heroin, and harboring and aiding a felon. The federal conviction was for unlawful use of a telephone to facilitate a felony in violation of the Controlled Substances Act. (I R. 1–2).

After the jury rendered its guilty verdict, the district court conducted a hearing pursuant to 18 U.S.C. § 3575 to consider the Government's contention that Vigil was a dangerous special offender. The judge entered detailed findings of fact, basing them on state and federal court records and Vigil's own acknowledgment of his prior convictions, and concluded that Vigil was a special offender under § 3575(e)(1),[2] and

---

* The Honorable Wesley E. Brown, of the United States District Court for the District of Kansas, sitting by designation.

1. Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time...."

2. Section 3575(e)(1) provides:

(e) A defendant is a special offender for purposes of this section if—
(1) the defendant has previously been convicted in courts of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency, or instrumentality

that he was dangerous as defined by § 3575(f).[3] More specifically the court found that Vigil met all the independent requirements of being a special offender as defined by § 3575(e)(1). (R.Supp. 338). The court chronicled a history of serious and violent crimes which included several of the felonies previously charged in the indictment to establish that Vigil was a felon in possession of a firearm, as well as several other incidents including a stabbing, an armed robbery, and a prison assault. (*Id.* at 339–41). Furthermore, the court relied on a presentence report which portrayed Vigil as unpredictable, showing little capacity for human relationships, and as being plagued with inner anxieties and tensions, all of which in all probability would lead him to continue his past patterns, probably escalating to violence against himself or others. (*Id.* at 342).

The court imposed an enhanced sentence of five years' imprisonment on the conviction for possession of a firearm by a felon.[4] Vigil appealed his conviction and sentence, and we affirmed. *See United States v. Vigil,* 743 F.2d 751 (10th Cir.), *cert. denied,* 469 U.S. 1090, 105 S.Ct. 600, 83 L.Ed.2d 709 (1984). Our *Vigil* opinion details the underlying facts.

### I

■ The Government contends that we should not consider the merits of this appeal because Vigil is merely attempting to relitigate issues he raised or could have raised in his previous appeal. (Appellee's Brief 4). The Government argues that essentially Vigil is attempting to attack the sentence imposed on him at trial, that 18 U.S.C. § 3576 is the proper procedure for the type of review he seeks, and that a motion to correct an illegal sentence and an appeal from its denial are not proper. We disagree.

Rule 35 unequivocally states that a court may correct an illegal sentence "at any time." The Rule's narrow function "is to permit correction at any time of an illegal *sentence,* not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (emphasis in original and footnote omitted). Vigil does not attempt to attack his conviction, nor does he now contend that he was incorrectly found to be a dangerous special offender. Rather, he argues that the district court imposed an illegal sentence in violation of the Fifth Amendment's proscription against double jeopardy. "A sentence can be attacked as illegal under Rule 35(a) regardless of whether the point could have been raised on an earlier direct appeal." 3 C. Wright, Federal Practice and Procedure § 584, at 395 (1982) (footnote omitted); *see also Popeko v. United States,* 513 F.2d 771, 773 (5th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 225, 46 L.Ed.2d 146 (1975). Thus the merits of the issue presented are properly before us.

### II

■ Vigil vigorously argues that the imposition of a dangerous special offender sentence in these circumstances was contrary to congressional intent and the Dou-

thereof for two or more offenses committed on occasions different from one another and from such felony and punishable in such courts by death or imprisonment in excess of one year, for one or more of such convictions the defendant has been imprisoned prior to the commission of such felony, and less than five years have elapsed between the commission of such felony and either the defendant's release, on parole or otherwise, from imprisonment for one such conviction or his commission of the last such previous offense or another offense punishable by death or imprisonment in excess of one year under applicable laws of the United States, a State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, any political subdivision, or any department, agency or instrumentality thereof....

**3.** Section 3575(f) provides:

(f) A defendant is dangerous for purposes of this section if a period of confinement longer than that provided for such felony is required for the protection of the public from further criminal conduct by the defendant.

**4.** The maximum statutory sentence for a § 1202(a) violation is imprisonment for up to two years. *See* 18 U.S.C.App. § 1202(a).

ble Jeopardy Clause. Specifically, he contends that the district court found him to be a dangerous special offender on substantially the same evidence which established at trial that he was a felon, an essential element of § 1202(a). (Appellant's Brief 3–4).

The Fifth Amendment provides: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." The Supreme Court has held that the Double Jeopardy Clause affords three distinct constitutional protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (footnotes omitted). It is the second and third protections that are said to be implicated here.

We note that Vigil was charged, convicted, and sentenced on only one offense—possession of a firearm by a felon in violation of § 1202(a). The dangerous special offender provisions in § 3575 do not make being "dangerous" or a "special offender" a criminal offense. "Like state recidivism statutes ..., section 3575 does not involve a separate criminal charge, but instead subjects a defendant to increased punishment for the underlying conviction." *United States v. Schell*, 692 F.2d 672, 676 (10th Cir.1982) (citations omitted). "The dangerous special offender provisions do not make being 'dangerous' a criminal offense, rather they allow a sentencing judge to enhance the punishment for certain individuals convicted—not of being dangerous—but of the underlying felony." *United States v. Davis*, 710 F.2d 104, 107 (3d Cir.), *cert. denied*, 464 U.S. 1001, 104 S.Ct. 505, 78 L.Ed.2d 695 (1983); *see also United States v. Inendino*, 604 F.2d 458, 463 (7th Cir.), *cert. denied*, 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979) (§ 3575 does not create separate criminal charge); *cf. United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987) (Armed Career Criminal Act of 1984 did not create new offense but enhanced offense under § 1202(a)).

Therefore, Vigil's reliance on *Simpson v. United States*, 435 U.S. 6, 10, 98 S.Ct. 909, 911, 55 L.Ed.2d 70 (1978), is misplaced. In *Simpson*, the Supreme Court held that the two statutes in question created distinct criminal offenses, although growing out of a single transaction of bank robbery. *See Cordova v. Romero*, 614 F.2d 1267, 1269 (10th Cir.), *cert. denied*, 449 U.S. 851, 101 S.Ct. 142, 66 L.Ed.2d 63 (1980). This is not the case now before us, as we explain below. We conclude there was no congressional intent to create a new offense under § 3575, only enhanced punishment in these circumstances, and that the Double Jeopardy Clause protection against a second prosecution for the same offense after conviction is not violated.

Nevertheless, Vigil argues that the same felony convictions which were used to prove that he violated § 1202(a) cannot subsequently be used to enhance his sentence under § 3575 without violating the Double Jeopardy Clause's prohibition against multiple punishments for the same offense. Supreme Court precedent on this facet of the Clause is evolving. What we can glean from recent precedent is that whether punishments are in fact multiple and violative of the Double Jeopardy Clause involves first the task of ascertaining legislative intent. *See, e.g., Ohio v. Johnson*, 467 U.S. 493, 499, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984); *Missouri v. Hunter*, 459 U.S. 359, 368–69, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983); *Whalen v. United States*, 445 U.S. 684, 688–89, 100 S.Ct. 1432, 1435–36, 63 L.Ed.2d 715 (1980).

Vigil was convicted of being a felon in possession of a firearm in violation of § 1202(a). Section 1202(a) was a last-minute amendment to the Omnibus Crime Control Act whose purpose, *inter alia*, was to impose a firearms disability on a specific class of risky individuals, *i.e.*, felons. *See Lewis v. United States*, 445 U.S. 55, 62, 100 S.Ct. 915, 919, 63 L.Ed.2d 198 (1980).

Vigil's sentence on the firearms conviction was enhanced pursuant to § 3575(e)(1) and (f). Section 3575(e)(1) was specifically designed to deal with the habitual offender. *See* H.R.Rep. No. 91–1549, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Ad.News 4007, 4038. Its purpose is analogous to that of state recidivist statutes. *See United States v. Neary*, 552 F.2d 1184, 1192 (7th Cir.), *cert. denied*, 434 U.S. 864, 98 S.Ct. 197, 54 L.Ed.2d 139 (1977).

Section 3575(f) is designed to protect the public from future crime by a particular defendant by authorizing the sentencing judge to enhance the sentence to a period longer than that ordinarily provided. *See* 1970 U.S.Code Cong. & Ad.News 4039. Whether a defendant is dangerous is not a determination keyed to a particular type of offense; moreover, the type of evidence available to the sentencing judge in assessing dangerousness is of a greater scope than the types of evidence permitted to show that a defendant is a special offender as defined in § 3575. We are satisfied that the congressional intent was to authorize enhanced punishment under the scheme of § 3575(e)(1) and (f), where violations of other statutes like 18 U.S.C.App. 1202(a) are established. *See Davis*, 710 F.2d at 107–08; *Schell*, 692 F.2d at 676.

Turning next to the constitutional question, we hold that § 3575 does not violate the Double Jeopardy Clause. The defendant is not punished a second time for the same offense; rather, the repetition of criminal conduct aggravates his guilt and justifies a heavier sentence upon again being convicted. *See United States v. Bowdach*, 561 F.2d 1160, 1175 (5th Cir.1977); *Neary*, 552 F.2d at 1194.

> Recidivist statutes have passed double jeopardy scrutiny because they work on the theory that 'the increased punishment does not represent punishment for the earlier crimes, but rather the fact of the earlier crimes aggravates the commission of the latest crime warranting imposition of the longer sentence.' *Bowdach*, 561 F.2d at 1176. In other words, the underlying offense becomes a greater crime, worthy of greater punishment, when a recidivist commits it. Section

3575, then, gives the sentencing judge more latitude accurately to reflect in his sentence the higher risk to society involved in the crime when a recidivist commits it, and the according enhanced need for specific deterrence of the offender, general deterrence of like offenders, and retribution for the crime.

*United States v. Pleasant*, 730 F.2d 657, 662 (11th Cir.), *cert. denied*, 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984); *cf. Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948) (state habitual criminal statute stiffened penalty for latest crime, thus not violative of Double Jeopardy Clause).

Vigil further argues that several of the felony convictions which were used to prove that he was a felon in the § 1202(a) prosecution were also used to enhance his sentence under § 3575. We note that the evidence considered by the district court in the § 3575 hearing in fact exceeded the felony convictions used to prove the Government's § 1202(a) case. In any event the reasons we have already stated convince us that this argument is without merit.

AFFIRMED.