**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen G. KOONCE,**
**Defendant–Appellant.**

**No. 89–4013.**

United States Court of Appeals,
Tenth Circuit.

Sept. 25, 1989.

Samuel Alba and Robert G. Wing, of Prince, Yeates & Geldzahler, Salt Lake City, Utah, for defendant-appellant.

Karen Skrivseth, Dept. of Justice, Brent D. Ward, U.S. Atty., and Wayne T. Dance, Asst. U.S. Atty., for plaintiff-appellee.

Before McKAY, TACHA, and EBEL, Circuit Judges.

EBEL, Circuit Judge.

This appeal raises the issue of whether the government, consistent with the Double

Jeopardy Clause and the federal sentencing guidelines, can prosecute a defendant for a crime even though evidence concerning defendant's commission of that crime already has been used to enhance defendant's sentence for an earlier offense. We hold that the government can do so.[1]

Defendant Stephen G. Koonce challenges the district court's denial of his motion to dismiss a federal indictment against him in Utah. The Utah indictment stems from defendant's alleged possession of 963 grams of methamphetamine and various firearms, which federal agents found in defendant's Utah home while conducting a search pursuant to a warrant. Defendant previously was convicted in the United States District Court for the District of South Dakota of distributing 443 grams of methamphetamine by mailing a package containing the methamphetamine to a prospective buyer in South Dakota. During the sentencing hearing for the South Dakota offense, the government presented evidence about the alleged Utah offense and other crimes that defendant allegedly had perpetrated elsewhere. Relying upon the evidence of the other offenses, the South Dakota district court sentenced defendant to 20 years in prison for the South Dakota offense, which was the statutory maximum.

Defendant contends that the Utah prosecution violates the Double Jeopardy Clause (U.S. Const., amend. 5) and the federal sentencing guidelines (18 U.S.C.A. App.) because some of the alleged criminal misconduct underlying the Utah prosecution already has been used to enhance defendant's sentence for the prior conviction in South Dakota.

In response, the government argues that the Double Jeopardy Clause's ban on multiple *prosecutions* for the same offense is not implicated here because the Utah and South Dakota offenses are plainly different. The government further contends that "[n]othing in the language of the [sentencing] guidelines or the commentary precludes a subsequent prosecution for conduct considered in determining the base offense level" of a different offense. (U.S.Br. at 17.) As for the Double Jeopardy Clause's ban on multiple *punishments* for the same offense and the guidelines' requirement that certain offenses be grouped together for sentencing purposes, the government contends that this case is not ripe for review. The government argues that defendant has not yet been sentenced (or even tried) for the Utah offense, and there is no way of knowing whether defendant will receive additional, cumulative punishment for the Utah offense.[2]

We agree with the government that defendant's *prosecution* for the Utah offense does not offend either the Double Jeopardy Clause or the sentencing guidelines. The Double Jeopardy Clause's ban on multiple prosecutions for the same offense is not

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. Therefore, the cause is ordered submitted without oral argument.

**2.** Although the government's brief on appeal generally avoids addressing the merits of the multiple-punishment issue, the government does analogize to our holding about enhanced sentences in *United States v. Vigil,* 818 F.2d 738 (10th Cir.1987). In *Vigil,* we held that recidivist statutes, which impose enhanced sentences on repeat offenders, do not violate the Double Jeopardy Clause:

The defendant is not punished a second time for the same offense; rather, the repetition of criminal conduct aggravates his guilt and just-

ifies a heavier sentence upon again being convicted....

"Recidivist statutes have passed double jeopardy scrutiny because they work on the theory that 'the increased punishment does not represent punishment for the earlier crimes, but rather the fact of the earlier crimes aggravates the commission of the latest crime warranting imposition of the longer sentence.' [*United States v.] Bowdach,* 561 F.2d [1160, 1176 (5th Cir.1977)]. In other words, the underlying offense becomes a greater crime, worthy of greater punishment, when a recidivist commits it."

*Vigil,* 818 F.2d at 742 (quoting *United States v. Pleasant,* 730 F.2d 657, 662 (11th Cir.), *cert. denied,* 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984)). For the reasons stated below, we do not reach the multiple-punishment issue.

implicated here because defendant is not now facing a trial in Utah for the same offense for which he previously has been convicted in South Dakota. The Utah offense and the South Dakota offense are different. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"). Moreover, defendant has not pointed us to anything in the language of the guidelines that precludes a defendant's subsequent prosecution for a different offense. Defendant's reference to the principle of lenity is not relevant in this context because defendant has not shown us any ambiguity in the guidelines concerning the government's right to prosecute fully a defendant accused of committing different offenses.

Nor do we agree with Judge McKay's dissent that defendant's South Dakota sentencing hearing constituted a prosecution for the Utah offense. Although the South Dakota district court inquired into the Utah offense during the sentencing hearing and made findings concerning it, at no time was defendant in jeopardy for the Utah offense. Rather, defendant was only "in jeopardy" of receiving a harsher sentence for the South Dakota offense than he otherwise would have received. Put another way, the Fifth Amendment prohibits a person from being "twice put in jeopardy of life or limb" for the "same offence," and defendant never was "put in jeopardy" for the Utah offense during the South Dakota sentencing hearing.

With regard to defendant's argument that he is subject to multiple *punishments* for the same offense in violation of the Double Jeopardy Clause and the sentencing guidelines, we agree with the government that the issue is not ripe for review. Defendant has not yet been convicted of the Utah offense and may never be. Unless and until defendant receives some punishment from the district court that is arguably multiple, the issue is not ripe for review.[3]

The district court's ruling that defendant's prosecution for the Utah offense does not offend either the Double Jeopardy Clause or the sentencing guidelines is AFFIRMED, and the case is REMANDED to the district court for trial. In all other respects, the appeal is DISMISSED.

McKAY, Circuit Judge, dissenting:

I believe the proposed trial in this case violates the first leg of Double Jeopardy protection, that is, multiple trials for the same offense. When the District Court for South Dakota conducted its "hearing" for the purpose of determining by a preponderance of evidence that the defendant committed this offense, that was a trial of the merits of whether he committed the offense. Even though the burdens of proof and sentencing purposes were different, what is now proposed is a second trial for precisely the same offense.

---

**3.** The government contends that defendant does not even have an argument that he has received multiple punishments for the Utah offense unless he is given a Utah sentence that runs consecutively to the South Dakota sentence or else is longer than it. In other words, the government asserts that if defendant ultimately receives a sentence for the Utah offense that runs concurrently to his South Dakota sentence and is less than or equal to it in length, then defendant cannot possibly have suffered any multiple punishment. Because defendant has not yet received any sentence for the Utah offense, we need not reach that issue.