SHERIFF, LANDER COUNTY, NEVADA, STEPHEN BISHOP AND NEVADA STATE PRISON, APPELLANTS, *v.* JOSEPH CHARLES MORFIN, RESPONDENT.

No. 21769

August 27, 1991                    816 P.2d 453

---

558

*Frankie Sue Del Papa,* Attorney General and *Robert E. Wieland,* Deputy, Carson City; for Appellants.

*David C. McElhinney,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In December of 1989, respondent Joseph Charles Morfin was convicted of one misdemeanor count of annoyance or molestation of a minor and four felony counts of lewdness with a child under the age of fourteen. Only one child victim was involved in these counts.

During respondent's sentencing hearing, the state presented testimony from two other child victims. These children testified that respondent had also molested them. Because there were multiple victims, the state argued during the hearing for the maximum sentence. The district court, however, declined to impose the maximum penalty and sentenced respondent to serve six months in the county jail for the misdemeanor count and concurrent terms of six years in the Nevada State Prison on each of the felony counts. *See* NRS 201.230 (maximum penalty for lewdness with a minor is a term of ten years in the Nevada State Prison).

The state then initiated grand jury proceedings respecting the acts of molestation alleged by the same two children who had testified at respondent's sentencing hearing. The grand jury

indicted respondent on a total of nine counts of lewdness with children under the age of fourteen.

Respondent thereafter petitioned the district court for a writ of habeas corpus. Respondent argued that he had already been punished for the alleged crimes against the two children when their testimony was taken at the sentencing hearing and the district court imposed a sentence based upon that testimony. Respondent asserted that for the state to try him on the new charges would amount to double punishment for the same offenses.

Following a hearing, the district court agreed with respondent and issued a writ of habeas corpus precluding his further prosecution. The court concluded that respondent .had essentially been tried once when the two children testified at the sentencing hearing. Therefore, the district court concluded that another trial would violate the constitutional prohibition against double jeopardy. We conclude, however, that the district court's decision was erroneous.

With due respect, the habeas judge misperceives the principle of double jeopardy prohibited at common law and by both our federal and state constitutions. *See* U.S. Const. amend. V; Nev. Const., art. I, § 8. The United States Supreme Court focused on the evil sought to be avoided by the double jeopardy proscription by noting that "'the Double Jeopardy Clause . . . is written in terms of potential or risk of *trial* and conviction, not punishment.'" Breed v. Jones, 421 U.S. 519, 532 (1975) (quoting from Price v. Georgia, 398 U.S. 323, 329 (1970)) (emphasis in original). In addition, by the express language of our federal and state constitutions, double jeopardy applies *only* to jeopardy or risk stemming from the *same offense*. Thus, a person may not lawfully be subjected to the risk of twice being *tried and convicted* for the *same offense*. Manifestly, although the sentencing court considered two uncharged offenses involving different victims as part of the sentencing calculus, Morfin had neither been tried nor convicted of the uncharged offenses. Moreover, the uncharged offenses did not constitute, to any degree, part of the *same offense* concerning which Morfin had been tried, convicted, and sentenced.

To further illustrate the untoward consequences of the position embraced by the district court, it is of assistance to refer to our ruling in Gallego v. State, 101 Nev. 782, 711 P.2d 856 (1985), *cert. denied,* 479 U.S. 871 (1986). During the penalty phase of Gallego's trial, the jury heard and considered evidence of two prior, uncharged homicides. In ruling on the propriety of such evidence, we stated:

> In the instant case, it is clear that properly qualified evidence of the Vaught and Scheffler murders was highly relevant to meaningful considerations of Gallego's death worthiness. Such evidence not only impacted questions concerning the extent to which Gallego might pose a future threat to society, it also illumined issues concerning the extent to which Gallego's character was suited to assimilating acceptable norms of societal behavior.

*Id.* at 791, 711 P.2d at 863. Thus, in *Gallego* we held it permissible for the sentencing authority to hear the evidence of the uncharged homicides in determining the sentence to be imposed for two entirely different offenses. If we were to adopt the logic urged by the district court, Gallego could never be tried for the two uncharged homicides with which he had been confronted during the penalty proceeding because the jury had considered those homicides in determining the sentence he would receive for the charged offenses.

When Morfin was sentenced in the earlier proceeding, the sentence was imposed only on the basis of the crimes for which he had been convicted. Morfin's sentence was, as previously noted, less than the maximum allowed by law for the crimes upon which his convictions were based. At no time had Morfin been tried, convicted, or sentenced for the uncharged offenses. At no time had he been placed at risk or in jeopardy of being convicted for the uncharged offenses prior to the sentencing hearing when they were first considered as part of Morfin's character and background. At no time was Morfin placed twice in jeopardy for the *same offense.* Society would be twice deprived if, in the first instance, the uncharged crimes could not be evaluated in consideration of a defendant's punishment-worthiness for the offense under scrutiny, or, if they were so considered, the defendant could then avoid accountability by trial for the uncharged crimes. Placed in the context of the instant case, the position taken by the district court would immunize Morfin from ever being prosecuted for crimes concerning the two children who testified as victims of entirely unrelated and uncharged offenses even though Morfin was being sentenced only for criminal convictions involving an entirely different child-victim.

---

A "sentencing proceeding is not a second trial and the court is privileged to consider facts and circumstances which would not be admissible at trial." Silks v. State, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976). Other criminal conduct may properly be considered at the sentencing hearing, even though the defendant was never charged or convicted of it. *Id.* at 94 n. 2, 545 P.2d at 1161.

Other courts considering the basic issue before us have reached the same conclusion. In United States v. Piteo, 726 F.2d 53 (2d Cir.), *cert. denied,* 467 U.S. 1206 (1984), the United States Court of Appeals for the Second Circuit considered the issue of whether double jeopardy principles permit prosecution for criminal conduct when evidence of that conduct has previously been introduced at a sentencing hearing. The court noted that when evidence of unrelated crimes is introduced at a sentencing hearing, its purpose is to allow the sentencing judge "to gain a fuller assessment of the defendant so that the punishment will fit the offender and not merely the crime for which he was convicted." *Id.* at 54. Such evidence sheds "new light upon the defendant's life, health, habits, conduct, and mental and moral propensities." *Id.* Consequently, evidence of such conduct is not being used to impose additional punishment on the accused. The court therefore concluded that a defendant could be tried for criminal conduct even though evidence of that conduct had previously been introduced at a sentencing hearing on an unrelated offense. *Accord* United States v. Koonce, 885 F.2d 720 (10th Cir. 1989); Sekou v. Blackburn, 796 F.2d 108 (5th Cir. 1986); Johnson v. District Court of Oklahoma County, 653 P.2d 215 (Okla.Crim. App. 1982).

In *Koonce,* the government introduced evidence of untried criminal conduct at a sentencing hearing and the trial court made findings concerning it. The government later sought to prosecute the defendant for the same conduct that had been used at the sentencing hearing. The United States Court of Appeals for the Tenth Circuit concluded that the defendant had not been placed in jeopardy at the earlier sentencing hearing. Instead, the defendant was only in jeopardy of receiving a harsher sentence for the tried offense. This procedure did not violate double jeopardy principles. *Koonce,* 885 F.2d at 722.

Other courts which have considered this issue have uniformly held that double jeopardy principles do not bar a prosecution for criminal conduct which has previously been used at a sentencing hearing to enhance a sentence. State v. Doucette, 549 A.2d 268, 269 (Vt. 1988) (collecting cases).

These authorities note that when evidence of prior criminal conduct is introduced at a sentencing hearing, it serves only to provide the judge with full information concerning the accused. The conduct may justify a heavier punishment for the tried offense, but is not itself being punished. Accordingly, we conclude that jeopardy does not attach when evidence of uncharged offenses is introduced by the state at a sentencing hearing. *Cf.* Serfas v. United States, 420 U.S. 377 (1975) (jeopardy attaches in a jury trial when the jury is empaneled and sworn; jeopardy

attaches in a non-jury trial when the court begins to hear evidence).

We therefore reverse the order of the district court granting respondent's pretrial petition for a writ of habeas corpus and remand this case to the district court for further proceedings consistent with this opinion.[1]

---

[1]THE HONORABLE CLIFF YOUNG, Justice, did not participate in the decision of this appeal.