56 F.3d 74
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Hector MEDRANO, Defendant-Appellant.
 No. 94-50222.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1995.
Decided May 11, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Hector Medrano was convicted of conspiracy to manufacture and distribute methamphetamine, distribution of a listed precursor chemical, and distribution of methamphetamine, in violation of 21 U.S.C. Secs. 846, 841(a)(1), and 846(d)(1). He now appeals his sentence imposed after this court reversed a possession count and remanded for resentencing. See United States v. Medrano, 5 F.3d 1214 (9th Cir. 1993). Medrano contends that the concurrent sentence violated double jeopardy principles because it was based on the same conduct that had already been considered as "relevant conduct" in the computation of his identical sentence for a related crime.
 
 Background
 
 4
 The government undertook two separate prosecutions of Medrano, both of which arose from a single investigation. The government first indicted Medrano for various counts involving the manufacture, possession and distribution of methamphetamine, as well as possession and distribution of precursor chemicals (the instant, "methamphetamine case"), D.C. No. CR-90-767. The same day Medrano was indicted in the methamphetamine case, the grand jury indicted him under separate charges for distribution of cocaine ("cocaine case"), D.C. No. CR-90-768.
 
 
 5
 In February of 1991, following a trial before Judge Turrentine, Medrano was convicted of all charges in the cocaine case. In March of 1991, following a separate jury trial before Judge Tanner, Medrano was convicted of all charges in the methamphetamine case. The following May, Medrano was sentenced in the methamphetamine case to 324 months imprisonment by Judge Tanner. Several days later, he was sentenced to an identical, concurrent term by Judge Turrentine in the cocaine case.
 
 
 6
 His first appeals in both of these cases (which did not raise the instant double jeopardy claim) were consolidated by this court. United States v. Medrano, 5 F.3d 1214 (9th Cir. 1993) (remanding for resentencing in both cases on issues unrelated to this appeal). In March of 1994, Judge Turrentine resentenced Medrano in both cases, in a single hearing. The court adopted the probation officer's recommended offense level computation and assigned an offense level of 38 to each offense. This offense level reflected a base offense level of 40, based on an aggregation of the total quantity of drugs from both the methamphetamine and cocaine offenses, minus 2 for acceptance of responsibility.
 
 
 7
 Judge Turrentine first sentenced Medrano in the cocaine case. The court established a guideline range of 324-405 months for the cocaine conviction and imposed a 324-month custodial sentence. Then, turning to the methamphetamine conviction, the court imposed a sentence of the same length, to run concurrently with the cocaine sentence just imposed.
 
 Discussion
 
 8
 Medrano cannot challenge his underlying methamphetamine conviction on double jeopardy grounds, for he unquestionably committed, and was properly convicted of, two separate crimes involving separate conduct. Significantly, appellant had been convicted, but not sentenced, in the cocaine case at the time he was tried and convicted in this case. The methamphetamine that formed the basis for the instant conviction was considered in the cocaine case only at sentencing.
 
 
 9
 Challenging his sentence, appellant relies upon the Second Circuit's decision in United States v, McCormick, 992 F.2d 437 (2d Cir. 1993), the Tenth Circuit's decision in United States v. Koonce, 945 F.2d 1145 (10th Cir. 1991) (Koonce III), cert. denied, 112 S. Ct. 1695 (1992), and this circuit's citation of these cases with approval in United States v. Saccoccia, 18 F.3d 795, 799 n.3 (9th Cir. 1994). In McCormick, the defendant prospectively challenged a new prosecution for conduct that already had been considered in enhancing his sentence in a previous prosecution. The Second Circuit held that Congress did not intend to permit a second prosecution in those circumstances. Here, Medrano was never prosecuted for criminal conduct that had already been used to enhance an earlier sentence; thus, the prospective prosecution issue raised in McCormick is not before us. Medrano was lawfully prosecuted and convicted of two separate crimes before he received the sentence now challenged.
 
 
 10
 In Koonce III, the Tenth Circuit had already considered a prospective prosecution challenge like that in McCormick, but had held that the double jeopardy question was not yet ripe for review. See United States v. Koonce, 885 F.2d 720, 722 (10th Cir. 1989) (Koonce II). After the second prosecution was completed and had yielded a greater sentence than the first, Koonce appealed again and the Tenth Circuit held that the double punishment component of the double jeopardy clause had been violated. Koonce III, 945 F.2d at 1154. Koonce III is distinguishable from the instant case because, unlike Medrano, Koonce did not receive two identical, concurrent sentences. Insofar as Koonce III opines in a footnote that "even a totally concurrent sentence would violate the punishment component of the [Double Jeopardy] Clause," 945 F.2d at 1153 n.9, the statement should be read in the context of a prosecution for conduct that, as in McCormick, had already been taken into account in an earlier prosecution.
 
 
 11
 Appellant further argues that under the Supreme Court's holding in Ball v. United States, 470 U.S. 856 (1985), his concurrent sentence nonetheless implicates double jeopardy concerns. Medrano's reliance upon Ball is misplaced. In Ball, the defendant had been convicted in a single prosecution of two counts that rested on the same conduct. The Supreme Court held that the imposition of a concurrent sentence for the second conviction did not cure the double jeopardy problems because of the collateral effects that flow from the additional conviction. Id. at 865. Here, where the second conviction is lawful, appellant does not claim that any additional, collateral effects flow from the identical, concurrent sentence.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3