**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL HUGHES,

      Defendant - Appellant.

No. 98-5105
(D.C. No. 98-CR-17-B)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

Appellant Michael Hughes asserts a Fifth Amendment double jeopardy challenge to his conviction and sentence for failure to appear at a sentencing hearing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Michael Hughes pled guilty to possession of a firearm after a prior felony conviction. Released on bond, Hughes failed to appear on the date originally scheduled for sentencing. The sentencing court therefore enhanced his sentence

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

by two levels for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines ("U.S.S.G."). Separately, the government indicted Hughes under 18 U.S.C. § 3146(a)(1) for failure to appear. Hughes argued that given the sentence enhancement, he had already been punished for failing to appear. He therefore moved, unsuccessfully, to dismiss the indictment, contending that it sought to put him in jeopardy twice for the same offense. Hughes ultimately entered a conditional plea of guilty, reserving the right to appeal the denial of his motion to dismiss.

We note initially that in sentencing Hughes for failure to appear, the court took into account the enhancement attributable to the possession of firearm charge, and therefore reduced his sentence by two levels to avoid what it called "double counting." Nevertheless, Hughes argues, double jeopardy may still attach in the form of collateral consequences.

We review a sentencing court's factual determinations for clear error, see United States v. Havens, 910 F.2d 703, 704 (10th Cir. 1990), and we subject its legal interpretation of the Sentencing Guidelines to de novo review, see United States v. Torres, 99 F.3d 360, 362 (10th Cir. 1996). We also review a court's ruling on a motion to dismiss an indictment on double jeopardy grounds de novo. See United States v. German, 76 F.3d 315, 317 (10th Cir. 1996). The Fifth Amendment provides that no person "be put twice in jeopardy" for the same

offense. U.S. Const. amend. V. To prevail on his double jeopardy claim, Hughes must therefore show that he faced "successive punishment and successive prosecution" for failing to appear at sentencing. United States v. Dixon, 509 U.S. 688, 704 (1993).

U.S.S.G. § 3C1.1 provides for a two-level increase in the offense level if a "defendant willfully obstructed or impeded . . . the administration of justice during the investigation, prosecution, or sentencing of the instant offense." The conduct to which § 3C1.1 applies includes "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1, comment. (n.4(e)). Having failed to appear as ordered at a sentencing hearing, Hughes' sentence enhancement is in accord with Supreme Court precedent. See Witte v. United States, 515 U.S. 389, 399 (1995) (stating that "use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.").

Hughes argues that Witte is inapplicable because the court enhanced the defendant's sentence under U.S.S.G. § 1B.1.3(1), which applies to conduct occurring "during the commission of the offense of conviction, [or] in preparation for that offense." In his case, Hughes contends, the relevant conduct—his failure

to appear at sentencing—occurred after, not during or in preparation for, the underlying offense.

In United States v. Rhode, 159 F.3d 1298 (10th Cir. 1998), we rejected a similar argument, and held that for double jeopardy purposes, the difference between enhancements under U.S.S.G. §§ 3C1.1 and 1B.1 "is merely temporal" and irrelevant. Rhode, 159 F.3d at 1303. Notwithstanding this temporal distinction, a defendant's willingness to obstruct justice, "like a defendant's willingness to commit multiple offenses, 'necessarily provides important evidence that the character of the offender requires special punishment.'" Id. (quoting Witte, 515 U.S. at 403). In this case, Hughes' failure to appear at sentencing "showed that his character deserved special punishment." Id. The enhancement therefore punished Hughes for the underlying offense to which he pled guilty, not for his failure to appear.

Although the sentence enhancement did not punish Hughes for failure to appear, the Double Jeopardy Clause would require dismissal of the failure to appear charge if the enhancement constituted prosecution for the same offense. We have held, however, that a sentencing hearing in which a court bases a sentence in part on relevant conduct does not constitute prosecution for the relevant conduct. See Rhode, 159 F.3d at 1304 (citing United States v. Koonce, 885 F.2d 720, 722 (10th Cir. 1989)). On the basis of these precedents, Hughes'

subsequent prosecution did not constitute successive prosecution for double jeopardy purposes.

**AFFIRMED.**  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge