J-S21038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCOIS HENDERSON | : | |
| | : | |
| Appellant | : | No. 1669 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004125-2010

BEFORE: DUBOW, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: JULY 7, 2022**

Francois Henderson (Henderson) appeals the judgment of sentence entered by the Court of Common Pleas Berks County (trial court). He contends that the trial court abused its discretion and erred as a matter of law during a resentencing by applying a deadly weapon enhancement as to one count of possession of a controlled substance with intent to deliver (PWID) (35 P.S. § 780-113(a)(30).[1] Pursuant to this enhancement, which increased the guideline ranges for the offense, Henderson received a sentence of two to ten years. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The enhancement was applied by the trial court pursuant to 204 Pa. Code § 303.10(a)(1) as to one count of possession of a controlled substance with intent to deliver (35 P.S. § 780-113(a)(30)).

**I.**

In 2007, Henderson and a co-defendant (David Troy Johnson) were implicated in a fatal shooting which took place in Berks County.[2] Henderson was tried separately in 2011 and a jury found him guilty of third-degree murder, possession of a firearm without a license and PWID. Henderson was sentenced to an aggregate prison term of 28 to 57 years. This included a mandatory minimum term of 5 to 10 years on the PWID count due to Johnson's use of a deadly weapon at the time of the offense. **See** 204 Pa. Code § 303.10(a)(1). However, the jury had made no specific factual finding that Henderson had possessed a weapon at the time that crime was committed.

In 2019, Henderson filed a petition for post-conviction relief, arguing that the mandatory minimum sentence as to the PWID count was unconstitutional. He relied on the holding of **United States v. Alleyne**, 540 U.S. 1 (2013), in which the United States Supreme Court prohibited the application of mandatory minimum sentences based on findings of fact never made by a jury. **See Alleyne**, 540 U.S. at 103 (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

_____

[2] The facts of the underlying case are taken from the summary of the trial evidence provided in **Commonwealth v. Henderson**, 492 MDA 2013 (Pa. Super. January 31, 2014) (unpublished memorandum).

The PCRA court dismissed the petition for lack of merit, but Henderson appealed, and on August 12, 2021, a panel of this Court remanded the case and directed the appointment of PCRA counsel. **See Commonwealth v. Henderson**, 280 MDA 2021 (Pa. Super. August 12, 2021) (unpublished memorandum decision).[3]

On remand, a PCRA petition was filed on Henderson's behalf on September 10, 2021, challenging the legality of his sentence. The PCRA court then granted the petition and vacated the judgment of sentence as to the disputed count and ordered a resentencing. The sentence as to the remaining counts remained intact.

At the new sentencing hearing, the trial court found that Henderson indeed possessed a deadly weapon during the commission of PWID. The trial court then applied the deadly weapon enhancement guidelines, increasing the minimum and maximum terms of the standard guidelines by six months, resulting in a sentencing range of 21 to 27 months, plus or minus six months for aggravation or mitigation, subject to the trial court's discretion.[4]

_____

[3] A more detailed summary of the procedural history of this case was given in Henderson's preceding PCRA appeal. **See generally Henderson**, 280 MDA 2021, at **2-3.

[4] The standard range sentence for PWID is a prison term of 15 to 21 months, plus or minus six months for aggravation or mitigation.

- 3 -

As to the PWID count, Henderson was sentenced to a range of 2 to 10 years, to be served consecutively to the sentence he received on the third-degree murder count. Henderson timely objected to the application of the deadly weapon enhancement both at the sentencing hearing and in a post-sentence motion. The trial court overruled Henderson's timely objections to the enhancement on November 29, 2021.

Henderson timely appealed, once more arguing that his sentence on the count of PWID was improper. He claimed first that the trial court abused its discretion in applying an enhancement based on a finding of fact that was never made by the jury. *See* Appellant's Brief, at 4. Next, Henderson claimed that the trial court erred as a matter of law in applying the enhancement absent a jury finding of weapon possession because it had the same practical effect as imposing a mandatory sentence, which is prohibited by *Alleyne*. *See id.*[5]

In its 1925(a) opinion, the trial court reasoned that it was within its discretion to make a finding that Henderson possessed a deadly weapon during the commission of the PWID count based on the evidence adduced at

_____

[5] Henderson has essentially made one argument regarding the trial court's application of the deadly weapon enhancement. However, he has presented the asserted error alternatively as either "a deviation from legal sentencing procedures or an abuse of discretion[.]" Appellant's Brief, at 5. Since claims of an abuse of discretion and claims of an illegal sentence involve different legal principles and standards of review, we will evaluate Henderson's position within each of those contexts below.

- 4 -

his jury trial. *See* Trial Court Opinion, 2/8/2022, at 3-4. Further, the trial court explained that the application of deadly weapon enhancement guidelines in this case does not run afoul of *Alleyne* because the resulting sentence was not mandatory and a wide range of sentences could be imposed. *See id.*

## II.

## A.

We first address Henderson's claim that the trial court abused its discretion[6] in making a finding of fact that he possessed a deadly weapon during the commission of the offense of PWID. Since this claim concerns a discretionary aspect of a sentence, review is not automatic. *See Commonwealth v. Kneller*, 999 A.2d 608, 613 (Pa. Super. 2010) (*en banc*) (stating that "a challenge to the application of the deadly weapon enhancement implicates the discretionary aspects of sentencing").

Accordingly, we may only reach the merits of Henderson's claim if he can satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[6] "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citations and quotations omitted).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted); ***see also*** Pa.R.A.P. 2119(f).

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either:  (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citations and internal quotation marks omitted).

Here, Henderson timely filed a notice of appeal and properly preserved his appellate claims.  His brief contains no fatal defects and he has raised a substantial question as to whether his sentence is appropriate under the Sentencing Code.  ***See e.g., Commonwealth v. Tavarez***, 174 A.3d 7, 10-11 (Pa. Super. 2017) (stating that "a substantial question is raised where an appellant alleges his sentence is excessive due to the sentencing court's error in applying the deadly weapon enhancement").

Turning to the merits, we find that the trial court did not abuse its discretion in determining that Henderson possessed a deadly weapon at the relevant times.  The deadly weapon enhancement provisions of the sentencing guidelines require the trial court to apply the enhancement as "to each conviction offense for which a deadly weapon is possessed or used."  204 Pa. Code § 303.10(a)(4); ***see also Commonwealth v. Cornish***, 589 A.2d 718, 720 (Pa. Super. 1991).  "Possession" of a deadly weapon includes having any

firearm, loaded or unloaded, "[o]n a defendant's person or within the defendant's immediate physical control." 42 Pa.C.S. § 2154(f). In order for the enhancement to apply, the trial court must determine by a preponderance of the evidence that the offender had a deadly weapon within his immediate physical control during the commission of the given offense. **See** 204 Pa. Code § 303.10(a)(1)(i); 42 Pa.C.S. § 2154(f).

The record in this case supports the trial court's finding that the Commonwealth proved by a preponderance of the evidence that Henderson possessed a deadly weapon during the commission of the offense of PWID. Henderson had testified at his jury trial that he drew a firearm in his possession and opened fire on the victim in self-defense. **See *Commonwealth v. Henderson***, 492 MDA 2013, at *3 (Pa. Super. January 31, 2014) (unpublished memorandum). The same firearm he used was retrieved by police along with 29 bags of suspected crack cocaine. **See id.** at * 2. These undisputed facts easily satisfy the statutory requirements for imposing the deadly weapon enhancement. Thus, the trial court did not abuse its discretion in this regard.

**B.**

Next, we consider Henderson's claim that the trial court erred as a matter of law in applying the deadly weapon enhancement despite the lack of a jury finding of fact as to his possession of a deadly weapon. According to Henderson, the preponderance of the evidence standard is so easy to satisfy

that once the guideline ranges are adjusted by the enhancement, the practical result is an increased mandatory sentence, implicating the considerations of **Alleyne**. **See** Appellant's Brief, at 10-14.

This Court has previously rejected nearly identical **Alleyne** challenges to the application of a deadly weapon enhancement, explaining that trial courts retain broad discretion in sentencing even when the enhancement is applied to the guidelines:

> **Alleyne** has no application to the sentencing enhancements at issue in this case. The parameters of **Alleyne** are limited to the imposition of mandatory minimum sentencing, *i.e.*, where a legislature has prescribed a mandatory baseline sentence that a trial court must apply if certain conditions are met. The sentencing enhancements at issue impose no such floor. Rather, the enhancements only direct a sentencing court to consider a different range of **potential** minimum sentencing, while preserving a trial court's discretion to fashion an individual sentence. By their very character, sentencing enhancements do not share the attributes of a mandatory minimum sentence that the Supreme Court held to be elements of the offense that must be submitted to a jury. The enhancements do not bind a trial court to any particular sentencing floor, nor do they compel a trial court in any given case to impose a sentence higher than the court believes is warranted. They require only that a court consider a higher range of possible minimum sentencing. Even then, the trial court need not sentence within that range; the court only must consider it. Thus, even though the triggering facts must be found by the judge and not the jury—which is one of the elements of an . . . **Alleyne** analysis—the enhancements that the trial court applied in this case are not unconstitutional under **Alleyne**.

**Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa. Super. 2015), *vacated on other grounds*, 149 A.3d 29 (Pa. 2016) (emphasis in original); **see also Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1270 n.10 (Pa. Super. 2014).

- 8 -

For the same reasons, the trial court did not err as a matter of law in applying the deadly weapon enhancement in the present case. ***See Commonwealth v. Shull***, 148 A.3d 820, 830 n.5 (Pa. Super. 2016) (trial court did not err in applying weapon enhancement where evidence showed that defendant had brandished a bb gun to the victim during an assault and the enhancement did not implicate the holding of ***Alleyne***). Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2022